UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ESTATE OF BOBBY R. SHELTON,** | * | |
| **CYNTHIA FRISBIE AS EXECUTOR** | * | CIVIL ACTION NO.:  2:21-cv-03658 |
| | * | *consolidated with* 2:22-cv-02741 |
| | * | JUDGE:  JAMES D. CAIN, JR. |
| **VERSUS** | * | |
| | * | MAGISTRATE JUDGE: KATHLEEN |
| **STATE FARM FIRE AND** | * | KAY |
| **CASUALTY COMPANY** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**STATE FARM'S MOTION FOR PROTECTIVE ORDER AND
MOTION FOR ORDER ON SEQUENCE OF DEPOSITIONS**

Defendant, State Farm Fire and Casualty Company ("State Farm"), pursuant to Federal Rule of Civil Procedure Rule 26(c), moves this Court for a protective order regarding Plaintiff, Cat 5 Pro, LLC ("Cat 5")'s request for a FRCP 30(b)(6) deposition of State Farm and the corresponding document request, for the reasons more fully set forth in the supporting memorandum. A protective order is necessary to confine the deposition to a manageable list of topics that are relevant and proportional to the narrow dispute between Cat 5 and State Farm (the scope of a single mitigation invoice). State Farm also seeks an order from this Court requiring that Plaintiff, Cat 5, as the party with the burden of proof, undergo its FRCP 30(b)(6) deposition prior to the 30(b)(6) deposition of defendant, State Farm.

There is only one dispute between State Farm and Cat 5 in this case: Cat 5, under an assignment of benefits from State Farm's policyholder, seeks to collect from State Farm the alleged $69,625.67 balance outstanding on a February 12, 2021 Cat 5 water mitigation invoice (the "Invoice"). This is a consolidated Hurricane Laura/Delta case involving insured, the Estate of Bobby R. Shelton, Cynthia Frisbie As Executor ("Frisbie"), her insurer, State Farm, and Cat 5,

{S0477492.1}

the water mitigation hired by Frisbie after Laura/Delta. *See* R. Doc. 19. However, since consolidation, **the insured, Frisbie, has confirmed in writing that she is not requesting the 30(b)(6) deposition of State Farm**. Thus, the 30(b)(6) of State Farm is only being requested by Cat 5, a water mitigation company who is not a State Farm policy holder.

Despite the narrow dispute between Cat 5 and State Farm, Cat 5 seeks sweeping institutional discovery from State Farm and Cat 5 declines State Farm's reasonable request to depose Cat 5 (plaintiff) before Cat 5 secures the deposition of State Farm (defendant). Indeed, Cat 5 recently issued a Notice of 30(b)(6) deposition and related document request to State Farm which includes twenty-seven wide-reaching topics that far exceed the narrow dispute between CAT 5 and State Farm – a single mitigation Invoice that has been partially paid. For instance, Cat 5 seeks a 30(b)(6) witness to speak to all written and unwritten policies, procedures and claim handling practices for first- and third-party property damage claims from 2017 to the present. Cat 5 also seeks a 30(b)(6) witness to speak to every single aspect of the claim handling of Frisbie's claim. However, as noted, Frisbie has agreed in writing that she is not taking the 30(b)(6) deposition of State Farm. Indeed, Frisbie has never requested State Farm's 30(b)(6). Even further, the handling and adjustment of Frisbie's entire claim, other than those aspects relating specifically to the handling and adjustment of the Cat 5 Invoice, are not relevant to the narrow matter at hand between Cat 5 and State Farm.

Thus, State Farm files this Motion for Protective Order from the Court limiting State Farm's 30(b)(6) deposition to (1) topics related only to the specific dispute between Cat 5 and State Farm, which is State Farm's adjustment and handling of Cat 5's February 12, 2021 mitigation Invoice and (2) State Farm's institutional policies and procedures in place at the time of Hurricanes Laura and Delta specific to the adjustment of mitigation damages.

Further, State Farm requests that this Court issue an Order requiring that Cat 5, as the Plaintiff with the burden of proof in this case, sit for its deposition prior to State Farm's 30(b)(6) deposition. State Farm requested that Cat 5's deposition take place first. Cat 5 rejected this request and insists on taking State Farm's deposition first. Cat 5's sole basis for this demand is that Cat 5 raised the issue of scheduling depositions before State Farm did. However, Plaintiff, Cat 5, "filed this lawsuit and, having the burden of proof, will be required to present their evidence at trial first. It is not unfair to require them to be deposed first." *Golla v. City of Bossier City*, No. 06-2298, 2007 WL 2253416, at *1 (W.D.La. 2007)(Ordering plaintiff to be deposed first and prior to defendants).

For the reasons more fully outlined in the supporting memorandum, State Farm moves this Court for a protective order limiting State Farm's 30(b)(6) deposition to (1) topics related only to the specific dispute between Cat 5 and State Farm, which is State Farm's adjustment and handling of Cat 5's February 12, 2021 mitigation Invoice and (2) State Farm's institutional policies and procedures in place at the time of Hurricanes Laura and Delta specific to the adjustment of mitigation damages. Further, State Farm requests that this Court issue an Order requiring that Cat 5, as the Plaintiff with the burden of proof in this case, sit for its 30(b)(6) deposition prior to State Farm's 30(b)(6) deposition.

{S0477492.1}

Respectfully submitted,

*/s/ David A. Strauss*
DAVID A. STRAUSS, #24665
BROCK L. WIMBERLEY, #37919
STRAUSS MASSEY DINNEEN LLC
935 Gravier Street, Suite 1250
New Orleans, Louisiana 70112
Telephone: (504) 380-0290
Facsimile: (504) 332-8434
dstrauss@smd-law.com
bwimberley@smd-law.com

*Attorneys for State Farm Fire
and Casualty Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2023 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*/s/ David A. Strauss*
DAVID A. STRAUSS

{S0477492.1}