UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

ESTATE OF BOBBY R. SHELTON,    *
CYNTHIA FRISBIE AS EXECUTOR   *    CIVIL ACTION NO.:  2:21-cv-03658
                                        *    *consolidated with* 2:22-cv-02741

                                        *    JUDGE:  JAMES D. CAIN, JR.
VERSUS                                  *
                                        *    MAGISTRATE JUDGE: KATHLEEN
STATE FARM FIRE AND           *    KAY
CASUALTY COMPANY            *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## STATE FARM'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER AND MOTION FOR ORDER ON SEQUENCE OF DEPOSITIONS

Respectfully submitted,

DAVID A. STRAUSS, #24665
BROCK L. WIMBERLEY, #37919
STRAUSS MASSEY DINNEEN LLC
935 Gravier Street, Suite 1250
New Orleans, Louisiana 70112
Telephone: (504) 380-0290
Facsimile: (504) 332-8434
dstrauss@smd-law.com
bwimberley@smd-law.com

*Attorneys for State Farm Fire*
*and Casualty Company*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **ESTATE OF BOBBY R. SHELTON,** | * | |
| **CYNTHIA FRISBIE AS EXECUTOR** | * | **CIVIL ACTION NO.:  2:21-cv-03658** |
| | * | *consolidated with* **2:22-cv-02741** |
| | | |
| | * | **JUDGE:  JAMES D. CAIN, JR.** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE: KATHLEEN** |
| **STATE FARM FIRE AND** | * | **KAY** |
| **CASUALTY COMPANY** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## TABLE OF CONTENTS

<u>Page No.</u>

TABLE OF CONTENTS.........................................................................................................i

TABLE OF AUTHORITIES ...............................................................................................ii

STATE FARM'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE ...................1

I.      INTRODUCTION & BACKGROUND ...................................................................2

II.     ARGUMENT ............................................................................................................4

     A).   Standard for Limiting the Scope of Discovery...........................................6

     B).   Cat 5's identified Rule 30(b)(6) topics are not properly limited in time, geography, and scope. This Court should issue a protective order imposing general limitations applicable to each topic identified. ....................................5

     C).   State Farm has further specific objections and requested limitations as to several of Cat 5's identified topics and requested documents for the Rule 30(b)(6) deposition of State Farm**.**..........................................................................10

     D).   In the Interests of Economy and Efficiency, Plaintiff, Cat 5, as the Party with the Burden of Proof, Should be Deposed in Advance of Any Other Witnesses, including State Farm. ..............................................................................16

III.    CONCLUSION........................................................................................................18

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ESTATE OF BOBBY R. SHELTON, | * | |
| CYNTHIA FRISBIE AS EXECUTOR | * | CIVIL ACTION NO.:  2:21-cv-03658 |
| | * | *consolidated with* 2:22-cv-02741 |
| | | |
| | * | JUDGE:  JAMES D. CAIN, JR. |
| VERSUS | * | |
| | * | MAGISTRATE JUDGE: KATHLEEN |
| STATE FARM FIRE AND | * | KAY |
| CASUALTY COMPANY | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## TABLE OF AUTHORITIES

**CONSTITUTIONAL AND STATUTORY**

Fed. R. Civ. P. 26(c) ............................................................................................... 4

Fed. R. Civ. P. 30(b)(6)......................................................................................1-19

**CASES**

*Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006)................................. 10

*Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011)................. 10

*Dotson v. Edmonson*, No. CV 16-15371, 2017 WL 4619739, at *3 (E.D. La. Oct. 16, 2017) ...... 6

*Front-Line Promotions & Marketing v. Mayweather Promotions, Inc.*, No. 08-3208, 2009 WL 928568 at * 2 (E.D. La. April 2, 2009) ................................................................................... 5

*Garcel, Inc. v. Hibernia Nat'l Bank*, No. Civ. A. 01-07772, 2002 WL 100605, at *2 (E.D. La. Jan. 24, 2002) ........................................................................................................................... 6

*Gaspard v. Southern Farm Bureau Cas. Ins. Co.*, 2013-0800 (La. App. 1 Cir. 9/24/14), 155 So. 3d 24 ........................................................................................................................................ 11

*Golla v. City of Bossier City*, No. 06-2298, 2007 WL 2253416, at *1 (W.D.La. 2007).........16-17

ii

*In re Katrina Canal Breaches Consolidates Litigation*, No. 05-4182, 2008 WL 4833023 (E.D. La. July 2, 2008) ............................................................................................................ 8

*In re: Kevco, Inc.*, 2003 Bankr. LEXIS 519 ................................................................. 17

*Krantz v. State Farm Fire & Cas. Co.*, No. CA 15-56-JJB-RLB, 2016 WL 320148, at *4 (M.D. La. Jan. 25, 2016) ....................................................................................................... 8

*Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990) ................... 5

*Molony v. USAA Property and Cas. Ins. Co.*, 97-1836 (La. App. 4 Cir. 3/4/98), 708 So. 2d 1220, 1226 ....................................................................................................................... 11

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) ................................................ 5

*Padana Assicurazioni-Societa Azioni v. M/V Caribbean Exp.*, No. 97-3855, 1999 WL 30966 (E.D. La. Jan. 21, 1999) ......................................................................................................... 9

*Pain Clinic, Inc. v. Bankers Insurance Company*, No. 06-4572, 2007 WL 9780346, at *3-11 (E.D. La. March 19, 2007) ................................................................................................. 11

*Scioneaux v. Elevating Boats, LLC,* No. 10-0133, 2010 WL 4366417, at *3 (E.D. La. Oct. 20, 2010) ....................................................................................................................... 8

*Shelter Mut. Ins. Co. v. Culbertson's Ltd.*, Nos. 97-1609, 97-1969, 1999 WL 539520, at *4 (E.D. La. July 23, 1999) ....................................................................................................... 11

*State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 421, 123 S. Ct. 1513, 1522, 155 L. Ed. 2d 585 (2003) ....................................................................................................... 7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **ESTATE OF BOBBY R. SHELTON,** | * | |
| **CYNTHIA FRISBIE AS EXECUTOR** | * | **CIVIL ACTION NO.:  2:21-cv-03658** |
| | * | *consolidated with* **2:22-cv-02741** |
| | | |
| | | |
| | * | **JUDGE:  JAMES D. CAIN, JR.** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE: KATHLEEN** |
| **STATE FARM FIRE AND** | * | **KAY** |
| **CASUALTY COMPANY** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## STATE FARM'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER AND MOTION FOR ORDER ON SEQUENCE OF DEPOSITIONS

Defendant, State Farm Fire and Casualty Company ("State Farm"), pursuant to Federal Rule of Civil Procedure Rule 26(c), moves this Court for a protective order regarding Plaintiff, Cat 5 Pro, LLC ("Cat 5")'s request for a FRCP 30(b)(6) deposition of State Farm and the corresponding document request, for the reasons set forth herein. A protective order is necessary to confine the deposition to a manageable list of topics that are relevant and proportional to the narrow dispute between Cat 5 and State Farm (the scope of a single mitigation invoice). State Farm also seeks an order from this Court requiring that Plaintiff, Cat 5, as the party with the burden of proof, undergo its FRCP 30(b)(6) deposition prior to the 30(b)(6) deposition of defendant, State Farm.

## I.     INTRODUCTION & BACKGROUND

There is only one remaining dispute between State Farm and Cat 5 in this case: Cat 5, under an assignment of benefits from State Farm's policyholder, seeks to collect from State Farm the alleged $69,625.67 balance outstanding on a Cat 5 water mitigation invoice. Despite this

narrow dispute, Cat 5 seeks sweeping institutional discovery from State Farm and Cat 5 declines State Farm's reasonable request to depose Cat 5 (plaintiff) before Cat 5 secures the deposition of State Farm (defendant).

This is a consolidated Hurricane Laura/Delta case which originally involved an insured, the Estate of Bobby R. Shelton, Cynthia Frisbie As Executor ("Frisbie"), her insurer, State Farm, and Cat 5, the water mitigation hired by Frisbie after Laura/Delta. *See* R. Doc. 19.

However, since consolidation, ***the insured, Frisbie has confirmed in writing that she is not requesting the 30(b)(6) deposition of State Farm***.[1] Thus, the 30(b)(6) of State Farm is only being requested by Cat 5, a water mitigation company who is not a State Farm policy holder, in relation to suit against State Farm to collect on a single mitigation invoice. Cat 5 is an out-of-state mitigation company that provided mitigation services to a number of Lake Charles residents following the hurricanes. Cat 5's process is to require the homeowner to execute an assignment of benefits ("AOB") to Cat 5 as a condition precedent to commencing work.

Here, Cat 5 required Frisbie to execute an AOB, concluded its mitigation work and issued an $86,282.68 invoice dated February 12, 2021 to Frisbie. (the "Invoice"). As Cat 5 admits in its complaint, it has already been paid $16,657.42 by State Farm for the Invoice; the balance is in dispute. Cat 5 essentially gutted Frisbie's entire residence, including removal of the floors. State Farm's position (supported in part by Frisbie's own account of and dispute with Cat 5's work) is that it was not necessary for Frisbie's entire residence to be gutted and that Frisbie did not knowingly authorize the full extent of Cat 5's work. Cat 5 brings this lawsuit against State Farm seeking recovery of the full sum of its invoice and penalties premised on its claim that State Farm's adjustment of the Invoice violated State Farm's statutory duties to its insured, Frisbie.

---

[1] *See* Exhibit A, Correspondence from Frisbie's counsel confirming "the insured in this matter, the Estate of Bobby Shelton, does not wish to pursue a 30(b)(6) corporate representative deposition" of State Farm at this time.

Cat 5 recently issued a Notice of 30(b)(6) deposition and related document request to State Farm which includes twenty-seven wide-reaching topics that far exceed the narrow dispute between CAT 5 and State Farm – a single mitigation Invoice that has been partially paid.[2] For instance, Cat 5 seeks a 30(b)(6) witness to speak to all written and unwritten policies, procedures and claim handling practices for first- and third-party property damage claims from 2017 to the present. Cat 5 also seeks a 30(b)(6) witness to speak to every single aspect of the claim handling of Frisbie's claim. However, as noted, Frisbie has agreed in writing that she is not taking the 30(b)(6) deposition of State Farm. Indeed, Frisbie has never requested State Farm's 30(b)(6). Even further, the handling and adjustment of Frisbie's entire claim, other than those aspects relating specifically to the handling and adjustment of the Cat 5 Invoice, are not relevant to the narrow matter at hand between Cat 5 and State Farm.

On July 13, 2023, State Farm conferred with Plaintiff regarding the scope of many of the areas of inquiry in the Fed.R.Civ.Pro. 30(b)(6) deposition notice and the scope of many of the document requests that accompanied the deposition notice. State Farm has also provided Cat 5 written objections to its notice.[3] State Farm has informed Cat 5 that it agrees to produce a 30(b)(6) witness to discuss topics related only to the specific dispute between Cat 5 and State Farm, which is State Farm's adjustment and handling of Cat 5's February 12, 2021 mitigation Invoice. State Farm also agrees to produce a witness to speak to institutional procedures in place at the time of Hurricanes Laura and Delta that are specific to the adjustment of a mitigation invoice.[4] However, State Farm objects to the other topics which are overly broad and unduly burdensome, and not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and specifically to the claims between Cat 5 and State Farm. State Farm further

---

[2] *See* Exhibit B, Cat 5's Notice of 30(B)(6) to State Farm.
[3] Exhibit C, State Farm attaches to this motion its objections to Cat 5's Notice of 30(b)(6).
[4] *See id.*

objects to the vast scope of the areas of inquiry and document production being disproportionate to the narrow dispute between CAT 5 and State Farm – a single mitigation invoice that has been partially paid.

State Farm has provided its written objections to Cat 5 and had a Rule 37 conference with Cat 5. To date, Cat 5 has not agreed to limit their testimony topics or document requests in any manner. Thus, State Farm files this Motion for Protective Order from the Court limiting State Farm's 30(b)(6) deposition to (1) topics related only to the specific dispute between Cat 5 and State Farm, which is State Farm's adjustment and handling of Cat 5's February 12, 2021 mitigation Invoice and (2) State Farm's institutional policies and procedures in place at the time of Hurricanes Laura and Delta specific to the adjustment of mitigation damages.

Further, State Farm requests that this Court issue an Order requiring that Cat 5, as the Plaintiff with the burden of proof in this case, sit for its 30(b)(6) deposition prior to State Farm's 30(b)(6) deposition. State Farm requested that Cat 5's deposition take place first. Cat 5 rejected this request and insists on taking State Farm's deposition first. Cat 5's sole basis for this demand is that Cat 5 raised the issue of scheduling depositions before State Farm did. However, Plaintiff, Cat 5, "filed this lawsuit and, having the burden of proof, will be required to present their evidence at trial first. It is not unfair to require them to be deposed first." *Golla v. City of Bossier City*, No. 06-2298, 2007 WL 2253416, at *1 (W.D.La. 2007)(Ordering plaintiff to be deposed first and prior to defendants).

## II.     LAW & ARGUMENT

### A.  Standard for Limiting the Scope of Discovery.

Under Federal Rule of Civil Procedure 26(c), the Court may, for "good cause", issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or

undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." Fed. R. Civ. P. 26(c)(1).

In determining whether a protective order is warranted, courts in the Fifth Circuit are instructed to weigh the hardship to the party from whom discovery is sought against the probative value of the information to the other party. *See, e.g.*, *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990) ("Discovery is not justified when cost and inconvenience will be its sole result").

**B. Cat 5's identified Rule 30(b)(6) topics are not properly limited in time, geography, and scope. This Court should issue a protective order imposing general limitations applicable to each topic identified.**

It long has been recognized that "discovery does have 'ultimate and necessary boundaries.'" *Front-Line Promotions & Marketing v. Mayweather Promotions, Inc.*, No. 08-3208, 2009 WL 928568 at * 2 (E.D. La. April 2, 2009) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Without a showing of good cause, parties are limited in discovery to "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the

action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. Proc. 26(b)(1). In determining the relevance of requested discovery, the Court "is anchored by the parties' pleadings." *Dotson v. Edmonson*, No. CV 16-15371, 2017 WL 4619739, at *3 (E.D. La. Oct. 16, 2017) (van Meerveld, M.J.). And while relevancy in the discovery context is broader than it is at trial, that "should not be misapplied so as to allow fishing expeditions." *Garcel, Inc. v. Hibernia Nat'l Bank*, No. Civ. A. 01-07772, 2002 WL 100605, at *2 (E.D. La. Jan. 24, 2002) (quotations omitted).

Cat 5's claim against State Farm is limited to the collection of a single February 12, 2021 Cat 5 water mitigation Invoice that has already been partially paid. And Frisbie has stated in writing that she is not taking State Farm's 30(b)(6) deposition. *See* Exhibit A. Thus, discovery geared towards any other aspect of the Frisbie claim or any other topic is irrelevant. Therefore, the Court should issue a protective order per Rule 26(c)(1)(D) to impose general limitations to the 30(b)(6) deposition notice limiting Cat 5's discovery to: (1) topics and requests which are relevant topics related only to the specific dispute between Cat 5 and State Farm, which is State Farm's adjustment and handling of Cat 5's February 12, 2021 mitigation Invoice and (2) State Farm's institutional policies and procedures in place at the time of Hurricanes Laura and Delta specific to the adjustment of mitigation damages. There are no allegations presented to justify sweeping "pattern and practice" discovery sought by Cat 5.

1. **Cat 5's identified Rule 30(b)(6) deposition topics and document requests are improperly limited in time because they either do not identify a time period or identify a time period which is irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case.**

In this case, Cat 5's topics and requests far exceed the bounds of relevance when viewed in the context of its specific and narrow water mitigation invoice collection claim. In those which set forth a timeframe, Cat 5 seeks information and documents dating back to 2017 and continuing through the present day. *See e.g.*, Exhibit B, Topics 1-7, 12, 19-21, 23. Other topics and requests are simply unlimited in the time-period to which they apply. *See e.g.*, Exhibit B, all document requests, Topics 8-11, 14-18. As currently formulated, these requests seek documents and information which are irrelevant to the matters of this case. Further, they impose an undue burden on State Farm given their improper limitation and are disproportionate to the needs of this case. Therefore, the Court should limit Cat 5's deposition topics and document requests to non-privileged information used and documents obtained or created for the time period immediately surrounding State Farm's adjustment and handling of Cat 5's February 12, 2021 mitigation Invoice.

2. **Cat 5's identified Rule 30(b)(6) deposition topics and document requests are improperly limited in geography because they do not identify a geographic location, expanding their scope to include information and documents which are irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case.**

Cat 5's Rule 30(b)(6) deposition topics and corresponding document requests are improperly limited in geography. The United State Supreme Court has held that a "State [through legislation or law] cannot punish a defendant for conduct that may have been lawful where it occurred." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 421, 123 S. Ct. 1513, 1522, 155 L. Ed. 2d 585 (2003). Further, as a general rule, states do not "have a legitimate concern in imposing punitive damages to punish a defendant for unlawful acts committed outside

of the State's jurisdiction." *Id.* "Any proper adjudication of conduct that occurred outside [a state] to other persons would require their inclusion, and, to those parties, the [state's] courts, in the usual case, would need to apply the laws of their relevant jurisdictions." *Id.*

Cat 5's topics and requests are improperly limited in scope because they seek information and documents related to actions taken by State Farm outside of Louisiana regarding non-Louisiana insureds and non-Louisiana policies of insurance. In other words, they seek all documents (and related testimony) from a national insurance company for all matters across the country from 2017 to the present. Because they are improperly not limited in geography, the topics and requests are overly broad and unduly burdensome because they encompass information and documents which are irrelevant and disproportionate to the needs of the case. As stated previously, Cat 5's discovery requests must be relevant to its existing claim for the collection of its February 12, 2021 mitigation Invoice, which was adjusted in accordance with Frisbie's Louisiana policy of insurance. Each state has its own regulatory insurance scheme, and each policy is special to each state. Therefore, Cat 5's topics and requests are not properly limited in geography and posed an undue burden on State Farm which is entirely disproportionate to the needs of this case. The Court should issue an order limiting Cat 5's 30(b)(6) inquiries to documents related to State Farm adjusting practices in Louisiana.

### 3. The Court should impose a general limitation on all of Cat 5's identified Rule 30(b)(6) deposition topics and document requests based on time, geography, and scope.

Cat 5's Rule 30(b)(6) deposition topics and document requests are improperly limited in time, geography, and scope. "The court may limit a Rule 30(b)(6) deposition notice to the extent it requests the organization to designate an agent to testify on topics of information that are overly broad, vague, or ambiguous." *Krantz v. State Farm Fire & Cas. Co.*, No. CA 15-56-JJB-

RLB, 2016 WL 320148, at *4 (M.D. La. Jan. 25, 2016) (Barbier, J.) (citing *Scioneaux v. Elevating Boats, LLC,* No. 10-0133, 2010 WL 4366417, at *3 (E.D. La. Oct. 20, 2010) (quashing deposition notice where the plaintiff failed to particularize the topics of discussion in Rule 30(b)(6) deposition notice); *In re Katrina Canal Breaches Consolidates Litigation*, No. 05-4182, 2008 WL 4833023 (E.D. La. July 2, 2008) (granting motion for protective order to the extent topics listed in a 30(b)(6) notice were overly broad, vague and ambiguous); *Padana Assicurazioni-Societa Azioni v. M/V Caribbean Exp.*, No. 97-3855, 1999 WL 30966 (E.D. La. Jan. 21, 1999) (denying motion to compel Rule 30(b)(6) deposition where the notice was insufficiently particularized)).

Cat 5's lack of proper limitations has created an undue burden on State Farm in attempting to select and prepare designees to testify and relevant documents to produce in accordance with the topics as formulated. For these reasons, State Farm requests that the Court issue an order limiting the topics of Cat 5's Rule 30(b)(6) deposition as follows:

All topics in the noticed Rule 30(b)(6) deposition, unless otherwise further limited by the topic itself, shall be limited to the non-privileged information used by State Farm and its claims adjusters in connection with:  (1) State Farm's adjustment and handling of Cat 5's February 12, 2021 mitigation Invoice and (2) State Farm's institutional policies and procedures in place at the time of Hurricanes Laura and Delta.

Further, all document requests in the noticed Rule 30(b)(6) deposition, unless otherwise further limited by the request itself, shall be limited to the non-privileged documents created by or submitted to State Farm and its claims adjusters in connection with (1) State Farm's adjustment and handling of Cat 5's February 12, 2021 mitigation Invoice and (2) State Farm's

institutional policies and procedures in place at the time of Hurricanes Laura and Delta. that are specific to the adjustment of mitigation damages.

**C. State Farm has further specific objections and requested limitations as to several of Cat 5's identified topics and requested documents for the Rule 30(b)(6) deposition of State Farm.**

    **1. Rule 30(b)(6) depositions cannot be overly broad, vague, or ambiguous because they inherently seek information from a designee which goes beyond that desginee's personal knowledge.**

Rule 30(b)(6), which governs deposition notices directed to organizations, requires that the notice "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). In response, the corporation (here, State Farm) must designate an agent or other person to testify on its behalf "about information known or reasonably available to the organization." *Id.* The deponent must prepare the designee to address matters beyond his personal knowledge or in which he was personally involved. *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006). This duty of preparation extends to matters which "are reasonably available." *Id.* (Emphasis added.). However, the Fifth Circuit has made clear that "Rule 26(b) 'has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition.'" *Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).

    **2. Most (If Not All) of Cat 5's Rule 30(b)(6) topics and corresponding document requests are irrelevant, overly broad, vague, ambiguous, or improperly directed to State Farm.**

Beyond the general limitations requested above, several of the topics identified by Cat 5 in his notice to State Farm are vague, ambiguous, irrelevant, overly broad, unduly burdensome, improperly directed to State Farm, or disproportionate to the needs of this case. The following section will non-exhaustively address topics for which State Farm offers even more objections along with proposed limitations for those topics. This section also serves as a sampling for the

Court to view the wide-reaching, overbroad, and irrelevant nature of the requests issued to State Farm by Cat 5. In addition, the relief requested for each topic below should also be applied to the identified corresponding document production request(s).

Further, as a general objection which spans the entire notice, Cat 5's 30(b)(6) notice to State Farm defines "Subject Claim" as "the claims(s) of Karl Kuhne and Anne Kuhne."[5] State Farm is unaware of the relevance of Karl and Anne Kuhne in relation to the subject lawsuit. Thus, on its face, any topics in the notice which refer to "Subject Claim" (Topic Nos. 9-11, 14-17, 22-25; document requests No. 30-31) are vague, ambiguous, irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case.

### Topic 10: Reserves regarding subject claim(s), including any revisions to such reserves at any time, and the complete factual basis for any such reserves.

Topic No. 10 and the related document request address the setting of reserves. State Farm further objects to producing a witness to discuss reserves or the process of setting reserves because that information is confidential and is neither relevant to Cat 5's claim or defense nor proportional to the needs of the case. Indeed, Plaintiff's Complaint does not contain any allegations regarding reserves, and information regarding same has nothing to do with Cat 5's claim present in the current lawsuit.

Several courts in Louisiana have concluded that reserve information is not relevant. *Pain Clinic, Inc. v. Bankers Insurance Company*, No. 06-4572, 2007 WL 9780346, at *3-11 (E.D. La. March 19, 2007); *Molony v. USAA Property and Cas. Ins. Co.*, 97-1836 (La. App. 4 Cir. 3/4/98), 708 So. 2d 1220, 1226; *Gaspard v. Southern Farm Bureau Cas. Ins. Co.*, 2013-0800 (La. App. 1 Cir. 9/24/14), 155 So. 3d 24, 31; *Shelter Mut. Ins. Co. v. Culbertson's Ltd., Nos.* 97-1609, 97-1969, 1999 WL 539520, at *4 (E.D. La. July 23, 1999) (Duval, J.) (citing *Molony v. USAA Prop.*

---

[5] *See* Exhibit A, p. 3.

*& Cas. Ins. Co.*, 708 So. 2d 1220, 1226 (La. App. 4 Cir. 1998). Since the reserves set by Defendant cannot possibly lead to the discovery of admissible evidence, Topic No. 10 should be stricken.

>    **Topic 23: Any and all differences in handling practices of FIRST PARTY PROPERTY DAMAGE claims as opposed to the handling practices of Third Party property damage claims between August 1, 2017 to the present date.**

>    **Corresponding Document Request: 29**

Aside from the fact that this topic is overly broad in time (not limited by the period of time when this claim was handled), this topic is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit.  Indeed, the topic seeks information that is neither relevant to the claims or defenses of Cat 5 nor proportional to the needs of the case; the scope of the question and the areas of inquiry globally are not proportionate to the narrow dispute between Cat 5 and State Farm related to Cat 5's partially paid water mitigation Invoice. State Farm cannot discern how its practices and procedures regarding third-party disputes have any connection at all to this first-party property damage dispute. Therefore, Topic 23 and Document Request 29 should be stricken.

>    **Topic 4: Education, training, and qualifications required by STATE FARM FIRE AND CASUALTY COMPANY of its FIRST PARTY PROPERTY DAMAGE field adjusters between August 1, 2017 to the present date.**

>    **Corresponding Document Production Request: 24**

This topic is overly broad in time (not limited by the period of time when this claim was handled), this topic is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit. Indeed, the topic seeks information that is neither relevant to the claims or defenses of Cat 5 nor proportional to the needs of the case; the scope of the question and the areas of inquiry globally are not proportionate to the narrow dispute between Cat 5 and State

Farm related to Cat 5's partially paid water mitigation invoice. State Farm has agreed to produce a witness to testify regarding the training provided by State Farm to State Farm employees and persons handling claims in Louisiana arising from Hurricanes Laura and Delta. Thus, State Farm requests that the topic be limited to same. This agreement is in line with State Farm's request for the Court to limit the noticed Rule 30(b)(6) deposition to the non-privileged information used by State Farm and its claims adjusters in connection with: (1) State Farm's adjustment and handling of Cat 5's February 12, 2021 mitigation Invoice and (2) State Farm's institutional policies and procedures in place at the time of Hurricanes Laura and Delta.

> **Topic 5: Education, training and qualifications required by STATE FARM FIRE AND CASUALTY COMPANY of any contracted adjusters hired by STATE FARM FIRE AND CASUALTY COMPANY between August 1, 2017 to the present date. "Contracted adjusters" being those adjusters hired to act on behalf of STATE FARM FIRE AND CASUALTY COMPANY, but are not full time employees of STATE FARM FIRE AND CASUALTY COMPANY.**

> **Corresponding Document Production Request: 24**

This topic is overly broad in time (not limited by the period of time when this claim was handled), this topic is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit. Indeed, the topic seeks information that is neither relevant to the claims or defenses of Cat 5 nor proportional to the needs of the case; the scope of the question and the areas of inquiry globally are not proportionate to the narrow dispute between Cat 5 and State Farm related to Cat 5's partially paid water mitigation invoice. State Farm has agreed to produce a witness to testify regarding the training provided by State Farm to State Farm employees and persons handling claims in Louisiana arising from Hurricanes Laura and Delta. Thus, State Farm requests that the topic be limited to same. This agreement is in line with State Farm's request for the Court to limit the noticed Rule 30(b)(6) deposition to the non-privileged information used by

State Farm and its claims adjusters in connection with: (1) State Farm's adjustment and handling of Cat 5's February 12, 2021 mitigation Invoice and (2) State Farm's institutional policies and procedures in place at the time of Hurricanes Laura and Delta.

> **Topic 7: Any and all published or promulgated rules, guidelines, cannons, Best Practices, and/or any Code of Ethics pertaining to FIRST PARTY PROPERTY DAMAGE claims adjusting and claims handling which agents/representatives of STATE FARM FIRE AND CASUALTY COMPANY have access to between August 1, 2017 to the present date.**

> **Corresponding Document Production Request: 2, 28**

This topic is overly broad in time (not limited by the period of time when this claim was handled), this topic is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit. Indeed, the topic seeks information that is neither relevant to the claims or defenses of Cat 5 nor proportional to the needs of the case; the scope of the question and the areas of inquiry globally are not proportionate to the narrow dispute between Cat 5 and State Farm related to Cat 5's partially paid water mitigation invoice. State Farm has agreed to produce a witness to testify regarding the training provided by State Farm to State Farm employees and persons handling claims in Louisiana arising from Hurricanes Laura and Delta. Thus, State Farm requests that the topic be limited to same. This agreement is in line with State Farm's request for the Court to limit the noticed Rule 30(b)(6) deposition to the non-privileged information used by State Farm and its claims adjusters in connection with: (1) State Farm's adjustment and handling of Cat 5's February 12, 2021 mitigation Invoice and (2) State Farm's institutional policies and procedures in place at the time of Hurricanes Laura and Delta.

**Topic 9: Any and all facts, observations, opinions, and determinations regarding subject claim(s), including the dates such facts, observations, opinions, and determinations became known to or were made to any agent/representative of STATE FARM FIRE AND CASUALTY COMPANY.**

**Corresponding Document Production Request: 1**

This topic is overly broad in time (not limited by the period of time when this claim was handled), this topic is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit. Indeed, the topic seeks information that is neither relevant to the claims or defenses of Cat 5 nor proportional to the needs of the case; the scope of the question and the areas of inquiry globally are not proportionate to the narrow dispute between Cat 5 and State Farm related to Cat 5's partially paid water mitigation invoice. This request also seeks information that is protected by the attorney-client privilege or work-product doctrine.

**Topic 15: Costs and expenses associated with investigation and evaluation of subject claim(s).**

Because the language of the request is both broad and vague, it is not meaningfully possible to identify what information may be responsive. As State Farm can understand this request, it appears to be seeking confidential, proprietary business information and trade secrets. State Farm objects to producing a deponent to testify regarding costs and expenses associated with investigation and evaluation of subject claim on the grounds that it is neither relevant to the claims or defenses of a party nor proportional to the needs of the case. Indeed, Cat 5's Complaint does not contain any allegations regarding State Farm's costs and expenses associated with investigation and evaluation of the insured, Ms. Frisbie's claim, and information regarding same has nothing to do with the claims present in the current lawsuit. Thus, State Farm requests that this Topic is stricken in its entirety.

**Topic 19: Any/all Jurisprudential or Jurisdictional references for Louisiana, and any/all other documents in STATE FARM FIRE AND CASUALTY COMPANY'S possession that inform their adjusters/employees/agents about Louisiana law/Jurisprudence and its interpretation as it relates to FIRST PARTY PROPERTY DAMAGE claims between August 1, 2017 to the present date;.**

This topic is overly broad in time (not limited by the period of time when this claim was handled), this topic is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit. Indeed, the topic seeks information that is neither relevant to the claims or defenses of Cat 5 nor proportional to the needs of the case; the scope of the question and the areas of inquiry globally are not proportionate to the narrow dispute between Cat 5 and State Farm related to Cat 5's partially paid water mitigation invoice. This request also seeks information that is protected by the attorney-client privilege or work-product doctrine. This topic should be stricken as a whole, as it seeks information which have no bearing on Cat 5's claim against State Farm.

**D. In the Interests of Economy and Efficiency, Plaintiff, Cat 5, as the Party with the Burden of Proof, Should be Deposed in Advance of Any Other Witnesses, including State Farm.**

Consistent with "the vast discretion afforded courts in the management of discovery," State Farm requests that the Court order Plaintiff, Cat 5, to submit to deposition first. *See Golla v. City of Bossier City*, No. 06-2298, 2007 WL 2253416, at *1 (W.D.La. 2007). Pursuant to Federal Rule of Civil Procedure 26(d)(2), the Court may order discovery in any sequence when the movant demonstrates that such a sequence is "for the convenience of the parties and in the interest of justice." Fed. R. Civ. P. 26(d)(2). As explained in both the Commentary to this Rule and, the purpose of this Rule was "to eliminate fixed priority in the sequence of discovery" and "to make clear and explicit the court's power to establish priority by an order issued in a

particular case." Fed. R. Civ. P. 26(d)(2), commentary to the 1970 Amendments to the Federal Rules of Civil Procedure;

The Western District has previously ruled in favor of defendants in deposition sequence disputes. For example, in *Golla v. City of Bossier*, each side wanted to depose the other side first. *Golla v. City of Bossier City*, No. 06-2298, 2007 WL 2253416, at *1 (W.D.La. 2007). But the Court rejected plaintiffs' contention that they be allowed to depose defense witnesses before submitting to his own deposition, and held that *only after* both plaintiffs were deposed could defendant's depositions be taken. The Court ordered Plaintiffs to submit to depositions first, reasoning: "**Plaintiffs filed this lawsuit and, having the burden of proof, will be required to present their evidence at trial first. It is not unfair to require them to be deposed first**." *Id.* at *1-2.

The same situation faces the Court in this case. Plaintiff unilaterally insists on deposing State Farm in advance of the primary fact witness, Cat 5, who must first define the factual framework for this case. Cat 5 filed this lawsuit against State Farm, and has the burden of proof in this matter. Thus, as a matter of efficiency and fairness, Cat 5 should be deposed first in this matter. As noted by *Golla*, Plaintiff, Cat 5, "filed this lawsuit and, having the burden of proof, will be required to present their evidence at trial first. It is not unfair to require them to be deposed first." *See id.*

Of further import, Cat 5 has failed to identify any justification for deposing State Farm in advance of the primary witness (i.e. Plaintiff, Cat 5), except to say that Plaintiff requested State Farm's deposition in advance of State Farm's request for Cat 5's 30(b)(6) deposition. However, Federal Rule of Civil Procedure 26 was specifically revised to avoid such a "race by counsel" to notice the first deposition. As explained by a Court in this Circuit:

{S0477489.1}

> Prior to 1970, priority in taking depositions normally went to the party to first serve a notice of deposition, absent a compelling reason to depart from that rule. However, the 1970 amendment to Rule 26(d) abolished that rule and vested authority to order the sequence of discovery with the court in its discretion. **Thus, in resolving this dispute, the Court gives little weight to who noticed the first deposition**.[6]

To depose Plaintiff after State Farm (or any other witness in this case) does not facilitate a just, speedy, or economic resolution of this matter - and, in fact, such a schedule does quite the contrary. Accordingly, the interests of economy and fairness clearly dictate that Plaintiff should be deposed in advance of any other witnesses, including State Farm. Thus, State Farm respectfully requests this Honorable Court compel Plaintiff's 30(b)(6) deposition before the depositions of any other witnesses, including State Farm.

## III.   CONCLUSION

The suit between Cat 5 and State Farm involves a narrow issue: Cat 5, under an assignment of benefits from State Farm's policyholder, seeks to collect from State Farm the alleged $69,625.67 balance outstanding on a Cat 5 water mitigation invoice. Despite this narrow dispute, Cat 5 seeks sweeping institutional discovery from State Farm and Cat 5 declines State Farm's reasonable request to depose Cat 5 (plaintiff) before Cat 5 secures the deposition of State Farm (defendant).

Based on the foregoing, State Farm moves this Court for a protective order limiting State Farm's 30(b)(6) deposition to (1) topics related only to the specific dispute between Cat 5 and State Farm, which is State Farm's adjustment and handling of Cat 5's February 12, 2021 mitigation Invoice and (2) State Farm's institutional policies and procedures in place at the time of Hurricanes Laura and Delta specific to the adjustment of mitigation damages. Further, State

---

[6] *In re: Kevco, Inc.*, 2003 Bankr. LEXIS 519, at *17 (emphasis added) (internal citations omitted). This case is attached hereto as Exhibit D. *See also*, *Occidental Chem. Corp. v. OHM Remediation Servs.*, 168 F.R.D. 13, 14 (W.D.N.Y. 1996) ("Under the federal rules, a discovery priority is not established based upon which party noticed a deposition first, but rather, Rule 26(d) authorizes the court to order the sequence of discovery upon motion"),

Farm requests that this Court issue an Order requiring that Cat 5, as the Plaintiff with the burden

of proof in this case, sit for its 30(b)(6) deposition prior to State Farm's 30(b)(6) deposition.

Respectfully submitted,

*/s/ David A. Strauss*
DAVID A. STRAUSS, #24665
BROCK L. WIMBERLEY, #37919
STRAUSS MASSEY DINNEEN LLC
935 Gravier Street, Suite 1250
New Orleans, Louisiana 70112
Telephone: (504) 380-0290
Facsimile: (504) 332-8434
dstrauss@smd-law.com
bwimberley@smd-law.com

*Attorneys for State Farm Fire
  and Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2023 I electronically filed the foregoing with the Clerk

of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of

record.

*/s/ David A. Strauss*
DAVID A. STRAUSS

{S0477489.1}