## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ESTATE OF BOBBY R. SHELTON,** | * | |
| **CYNTHIA FRISBIE AS EXECUTOR** | * | **CIVIL ACTION NO.:  2:21-cv-03658** |
| | * | |
| | * | **JUDGE:  JAMES D. CAIN, JR.** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE: KATHLEEN** |
| **STATE FARM FIRE AND** | * | **KAY** |
| **CASUALTY COMPANY** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## OBJECTIONS AND RESPONSES TO THE NOTICE OF 30(b)(6) CORPORATE DEPOSITION ISSUED BY PLAINTIFF, CAT 5 PRO, LLC

**NOW COMES,** through undersigned counsel, Defendant, State Farm Fire and Casualty Company, (hereinafter sometimes referred to as "State Farm"), which submits the following responses and objections to the 30(b)(6) Notice of Deposition of State Farm, which was issued by Plaintiff, Cat 5 Pro, LLC:

### General Responses and Objections

As to all areas of inquiry and requested documents, the following objections are asserted as applicable to each response, whether they are specifically restated therein or not:

1. Cat 5's suit against State Farm is related solely to the collection of the unpaid balance of a February 12, 2021 invoice for Hurricane Laura/Delta mitigation work Cat 5 allegedly performed on the property of Cynthia Frisbie located at 3221 Landfair, Lake Charles, LA, 70601. Thus, State Farm agrees to produce a witness to discuss topics related only to the specific dispute between Cat 5 and State Farm, which is State Farm's adjustment and handling of Cat 5's February 12, 2021 mitigation invoice. State Farm also agrees to produce a witness to speak to institutional procedures in place at the time of Hurricanes Laura and Delta. However, State Farm objects to any and all topics which are overly broad and unduly burdensome, and not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and specifically to the claims between Cat 5 and State Farm, which relates only to Cat 5's February 12, 2021 mitigation invoice. State Farm objects to the vast scope of the areas of inquiry and document production being disproportionate to the narrow dispute between CAT 5 and State Farm – a single mitigation invoice that has been partially paid.

EXHIBIT C

2. State Farm objects to each and every individual topic to the extent that documents have already been produced in its Initial Disclosures.

3. State Farm objects to each and every individual topic to the extent they are vague and ambiguous, overly broad and unduly burdensome, and seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

4. State Farm objects to each and every individual topic to the extent that it seeks information that is protected by the attorney-client privileged and/or the work product doctrine and or prepared or obtained in anticipation of litigation.

5. Subject to these objections, and without waiver of any objections, Adrian Mack is prepared to testify to the topics listed, to the best of his knowledge, information, and belief.

**Specific Responses and Objections to Areas of Inquiry listed in Plaintiff's Notice**

1. **STATE FARM FIRE AND CASUALTY COMPANY'S written and unwritten policies, procedures, and claim handling practices for FIRST PARTY PROPERTY DAMAGE claims between August 1, 2017 to the present.**

**Response to No. 1:**

State Farm objects to Topic No. 1 on the grounds that it is overly broad in time (not limited by the period of time when this claim was handled), and because it is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and specifically the claims between Cat 5 and State Farm, which relates only to Cat 5's collection of its February 12, 2021 mitigation invoice; the scope of the question and the areas of inquiry globally are not proportionate to a narrow dispute over a partially paid mitigation invoice. State Farm's procedures are intended to provide guidance but each claim is handled on its own merits. State Farm further objects to this topic on the grounds that it seeks information that is neither relevant to the claims or defenses of a party nor proportional to the needs of the case.  Finally, State Farm

EXHIBIT C

objects in that this topic may cover materials which are confidential, proprietary business information and/or trade secret.

Subject to these objections and without waiving same, State Farm will produce a witness to testify about State Farm's claims handling practices and procedures applicable to adjustment and payment of mitigation invoices in Hurricanes Laura and Delta claims, including Cat 5's claim.

**2. In the event STATE FARM FIRE AND CASUALTY COMPANY does not currently maintain any written policies, procedures, and claim handling practices for FIRST PARTY PROPERTY DAMAGE claims, then the corporate decision to eliminate such written policies, procedures, and claims handling practices between August 1, 2017 to the present date.**

**Response to No. 2:**

*See* Response to Topic No. 1.

**3. Education, training, and qualifications required by STATE FARM FIRE AND CASUALTY COMPANY of its FIRST PARTY PROPERTY DAMAGE desk adjusters between August 1, 2017 to the present date.**

**Response to No. 3:**

State Farm objects to Topic No. 3 on the grounds that it is overly broad in time (not limited by the period of time when this claim was handled), and because it is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and specifically the claims between Cat 5 and State Farm, which relates only to Cat 5's collection of its February 12, 2021 mitigation invoice; the scope of the question and the areas of inquiry globally are not proportionate to a narrow dispute over a partially paid mitigation invoice.

State Farm further objects to this topic on the grounds that it seeks information that is neither relevant to the claims or defenses of a party nor proportional to the needs of the case.

EXHIBIT C

Finally, State Farm objects as this topic may cover materials which are confidential, proprietary business information and/or trade secret.

Subject to these objections and without waiving same, State Farm will produce a witness to testify about State Farm's practices and procedures applicable to hiring and employing claims adjusters in Louisiana arising from Hurricanes Laura and Delta.

**4. Education, training, and qualifications required by STATE FARM FIRE AND CASUALTY COMPANY of its FIRST PARTY PROPERTY DAMAGE field adjusters between August 1, 2017 to the present date.**

**Response to No. 4:**

*See* Response to Topic No. 3. Subject to these objections and without waiving same, State Farm will produce a witness to testify regarding the training provided by State Farm to State Farm employees and persons specific to the mitigation aspects of claims in Louisiana arising from Hurricanes Laura and Delta.

**5. Education, training and qualifications required by STATE FARM FIRE AND CASUALTY COMPANY of any contracted adjusters hired by STATE FARM FIRE AND CASUALTY COMPANY between August 1, 2017 to the present date. "Contracted adjusters" being those adjusters hired to act on behalf of STATE FARM FIRE AND CASUALTY COMPANY, but are not full time employees of STATE FARM FIRE AND CASUALTY COMPANY.**

**Response to No. 5:**

*See* Response to Topic No. 3. Subject to these objections and without waiving same, State Farm will produce a witness to testify regarding the training provided by State Farm to State Farm employees and persons handling claims in Louisiana arising from Hurricanes Laura and Delta.

EXHIBIT C

      **6.** **Education, training, and qualifications required by STATE FARM FIRE AND CASUALTY COMPANY of its insurance agents authorized/able to sell insurance policies on STATE FARM FIRE AND CASUALTY COMPANY'S behalf between August 1, 2017 to the present date.**

**Response to No. 6:**

State Farm objects to Topic No. 6 on the grounds that it is overly broad in time (not limited by the period of time when this claim was handled), and because it is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and specifically the claims between Cat 5 and State Farm, which relates only to Cat 5's collection of its February 12, 2021 mitigation invoice; the scope of the question and the areas of inquiry globally are not proportionate to a narrow dispute over a partially paid mitigation invoice.

State Farm further objects to this topic on the grounds that it seeks information that is neither relevant to the claims or defenses of a party nor proportional to the needs of the case. Finally, State Farm objects as this topic may cover materials which are confidential, proprietary business information and/or trade secret. Subject to these objections and without waiving same, State Farm will not produce a corporate deponent to testify about Topic No. 6.

      **7.** **Any and all published or promulgated rules, guidelines, cannons, Best Practices, and/or any Code of Ethics pertaining to FIRST PARTY PROPERTY DAMAGE claims adjusting and claims handling which agents/representatives of STATE FARM FIRE AND CASUALTY COMPANY have access to between August 1, 2017 to the present date.**

**Response to No. 7:**

*See* Response to Topic No. 3. Subject to these objections and without waiving same, State Farm will produce a witness to testify regarding the training provided by State Farm to State Farm employees and persons handling claims in Louisiana arising from Hurricanes Laura and Delta.

EXHIBIT C

**8. STATE FARM FIRE AND CASUALTY COMPANY'S duties, contractual and otherwise, owed to FIRST PARTY PROPERTY DAMAGE claimants in general.**

**<u>Response to No. 8:</u>**

State Farm objects to Topic No. 8 because it is vague, ambiguous, overly broad and unduly burdensome. Because the language of the request is both broad and vague, it is not meaningfully possible to identify what information may be responsive. State Farm objects to Topic No. 8 on the grounds that it is overly broad in time (not limited by the period of time when this claim was handled), and because it is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and specifically the claims between Cat 5 and State Farm, which relates only to Cat 5's collection of its February 12, 2021 mitigation invoice; the scope of the question and the areas of inquiry globally are not proportionate to a narrow dispute over a partially paid mitigation invoice.

Subject to these objections and without waiving same, State Farm will produce a witness to testify about the duties owed to first-party property damage claimants in Louisiana arising from Hurricanes Laura and Delta with regard to the adjustment of mitigation issues.

**9. Any and all facts, observations, opinions, and determinations regarding subject claim(s), including the dates such facts, observations, opinions, and determinations became known to or were made to any agent/representative of STATE FARM FIRE AND CASUALTY COMPANY.**

**<u>Response to No. 9:</u>**

Farm objects to Topic No. 9 to the extent that it seeks information that is protected by the attorney-client privilege or work-product doctrine. State Farm objects to Topic No. 9 because it is vague, ambiguous, overly broad and unduly burdensome. Because the language of the

EXHIBIT C

request is both broad and vague, it is not meaningfully possible to identify what information may be responsive.

Subject to these objections and without waiving same, State Farm will produce a witness to testify about the handling and adjustment of Cat 5's February 12, 2021 mitigation invoice, which is the sole basis for Cat 5's lawsuit against State Farm.

**10. Reserves regarding subject claim(s), including any revisions to such reserves at any time, and the complete factual basis for any such reserves.**

**<u>Response to No. 10:</u>**

State Farm objects to Topic No. 10 to the extent that it seeks information that is protected by the attorney-client privilege or work-product doctrine. State Farm further objects to producing a witness to discuss reserves or the process of setting reserves because that information is confidential and is neither relevant to any party's claim nor defense nor proportional to the needs of the case. Indeed, Plaintiff's Complaint does not contain any allegations regarding reserves, and information regarding same has nothing to do with Cat 5's claim present in the current lawsuit.   Subject to these objections and without waiving same, State Farm will not produce a corporate deponent to testify about Topic No. 10.

**11. Any and all internal communications regarding subject claim(s).**

**<u>Response to No. 11:</u>**

State Farm objects to Topic No. 11 to the extent that it seeks information that is protected by the attorney-client privilege or work-product doctrine. State Farm objects to Topic No. 11 because it is vague, ambiguous, overly broad and unduly burdensome. Because the language of the request is both broad and vague, it is not meaningfully possible to identify what information may be responsive.

EXHIBIT C

Subject to these objections and without waiving same, State Farm will produce a witness to testify about the handling and adjustment of Cat 5's February 12, 2021 mitigation invoice, which is the sole basis for Cat 5's lawsuit against State Farm.

**12. STATE FARM FIRE AND CASUALTY COMPANY'S record keeping policies and procedures regarding FIRST PARTY PROPERTY DAMAGE claims between August 1, 2017 to the present date.**

<u>**Response to No. 12:**</u>

State Farm objects to Topic No. 12 on the grounds that it is overly broad in time (not limited by the period of time when this claim was handled).  State Farm further objects to this topic to the extent that it is vague and ambiguous. State Farm further objects this topic to the extent that it seeks information that is protected by the attorney-client privilege or work-product doctrine.  Further, the scope of the question and the areas of inquiry globally are not proportionate to a narrow dispute over a partially paid mitigation invoice.

Subject to these objections and without waiving same, State Farm will produce a witness to testify in response regarding record keeping in relation State Farm's handling and adjustment of Cat 5's February 12, 2021 mitigation invoice, which is the sole basis for Cat 5's lawsuit against State Farm.

**13. STATE FARM FIRE AND CASUALTY COMPANY'S responses to written discovery herein and the factual basis for any such response.**

<u>**Response to No. 13:**</u>

State Farm will produce a witness to testify in response to this topic.

**14. Education, training, experience, and personnel history at STATE FARM FIRE AND CASUALTY COMPANY of any person involved in evaluation or adjusting of subject claim(s) or as it relates to first party claims.**

EXHIBIT C

**Response to No. 14:**

State Farm objects to Topic No. 14 on the grounds that it is overly broad in time (not limited by the period of time when this claim was handled), and because it is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and specifically the claims between Cat 5 and State Farm, which relates only to Cat 5's collection of its mitigation invoice; the scope of the question and the areas of inquiry globally are not proportionate to a narrow dispute over a partially paid mitigation invoice.

State Farm further objects to this topic on the grounds that it seeks information that is neither relevant to the claims or defenses of a party nor proportional to the needs of the case. Finally, State Farm objects as this topic may cover materials which are confidential, proprietary business information and/or trade secret. Subject to these objections and without waiving same, State Farm will produce a witness to testify regarding the training provided by State Farm to State Farm employees and persons handling claims in Louisiana arising from Hurricanes Laura and Delta.

**15. Costs and expenses associated with investigation and evaluation of subject claim(s).**

**Response to No. 15:**

State Farm objects to Topic No. 15 because it is vague, ambiguous, overly broad and unduly burdensome. Because the language of the request is both broad and vague, it is not meaningfully possible to identify what information may be responsive.

As State Farm can understand this request, it appears to be seeking confidential, proprietary business information and trade secrets.  State Farm objects to producing a deponent to testify regarding costs and expenses associated with investigation and evaluation of subject

EXHIBIT C

claim on the grounds that it is neither relevant to the claims or defenses of a party nor proportional to the needs of the case.  Indeed, Cat 5's Complaint does not contain any allegations regarding State Farm's costs and expenses associated with investigation and evaluation of the insured, Ms. Frisbie's claim, and information regarding same has nothing to do with the claims present in the current lawsuit.  Subject to these objections and without waiving same, State Farm will not produce a corporate deponent to testify about Topic No. 15.

16. **All determinations by STATE FARM FIRE AND CASUALTY COMPANY regarding payment of the subject claim(s), including timing and amount of any such payment and complete factual basis for such determinations.**

**Response to No. 16:**

State Farm objects to Topic No. 16 to the extent that it seeks information that is protected by the attorney-client privilege or work-product doctrine. State Farm further objects to this topic as overly broad and burdensome because it is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and specifically the claims between Cat 5 and State Farm, which relates only to Cat 5's collection of its mitigation invoice; the scope of the question and the areas of inquiry globally are not proportionate to a narrow dispute over a partially paid mitigation invoice.

Subject to these objections and without waiving same, State Farm will produce a witness to testify in response in relation State Farm's handling and adjustment of Cat 5's February 12, 2021 mitigation invoice, which is the sole basis for Cat 5's lawsuit against State Farm.

17. **Any and all expert opinions of any kind and in any field upon which STATE FARM FIRE AND CASUALTY COMPANY relies upon in making any determinations regarding subject claim(s);.**

EXHIBIT C

**Response to No. 17:**

State Farm objects to Topic No. 17 on the grounds that it is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and specifically the claims between Cat 5 and State Farm, which relates only to Cat 5's collection of its mitigation invoice; the scope of the question and the areas of inquiry globally are not proportionate to a narrow dispute over a partially paid mitigation invoice. State Farm further objects this topic to the extent that it seeks information that is protected by the attorney-client privilege or work-product doctrine.   Finally, State Farm objects in that this topic may cover materials which are confidential, proprietary business information and/or trade secret.

Subject to these objections and without waiving same, State Farm will produce a witness to testify about State Farm's handling and adjustment of Cat 5's February 12, 2021 mitigation invoice, which is the sole basis for Cat 5's lawsuit against State Farm.

18. **Training materials and Teaching Materials for Claims School or any other training provided to each and every adjuster involved in the current case;.**

**Response to No. 18:**

*See* Response to Topic No. 3. Subject to these objections and without waiving same, State Farm will produce a witness to testify regarding the training provided by State Farm to State Farm employees and persons handling claims in Louisiana arising from Hurricanes Laura and Delta.

19. **Any/all Jurisprudential or Jurisdictional references for Louisiana, and any/all other documents in STATE FARM FIRE AND CASUALTY COMPANY'S possession that inform their adjusters/employees/agents about Louisiana law/Jurisprudence and its interpretation as it relates to FIRST PARTY PROPERTY DAMAGE claims between August 1, 2017 to the present date;.**

EXHIBIT C

**Response to No. 19:**

State Farm objects to Topic No. 19 on the grounds that it is overly broad in time (not limited by the period of time when this claim was handled), and because it is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and specifically the claims between Cat 5 and State Farm, which relates only to Cat 5's collection of its mitigation invoice. State Farm further objects to this topic to the extent that it seeks a legal conclusion to which a 30(b)(6) witness cannot testimony.  Finally, State Farm objects in that this topic may cover materials which are confidential, proprietary business information and/or trade secret.

Subject to these objections and without waiving same, State Farm will produce a witness to testify regarding the training provided by State Farm to State Farm employees and persons handling mitigation aspects of claims in Louisiana arising from Hurricanes Laura and Delta.

20. **Any/all computer programs used in evaluating a FIRST PARTY PROPERTY DAMAGE claim between August 1, 2017 to the present date;.**

**Response to No. 20:**

*See* Response to Topic No. 19.

21. **Policies/Procedures utilized by STATE FARM FIRE AND CASUALTY COMPANY in determining the amount of monetary authority each adjuster is allowed in a given claim between August 1, 2017 to the present date.**

**Response to No. 21:**

*See* Response to Topic No. 19.

22. **The monetary authority that each agent/representative involved in the current matter of the Subject Claim currently at issue was given by STATE FARM FIRE AND CASUALTY COMPANY.**

EXHIBIT C

**Response to No. 22:**

State Farm objects to Topic No. 22 to the extent that it seeks information that is protected by the attorney-client privilege or work-product doctrine. State Farm further objects in that this topic may cover materials which are confidential, proprietary business information and/or trade secret.   The term "monetary authority" as used in this topic is overly broad, vague and ambiguous. The scope of the question and the areas of inquiry globally are not proportionate to a narrow dispute over a partially paid mitigation invoice.

Subject to these objections and without waiving same, State Farm will produce a witness to testify about State Farm's handling and adjustment of Cat 5's February 12, 2021 mitigation invoice, which is the sole basis for Cat 5's lawsuit against State Farm.

23. **Any and all differences in handling practices of FIRST PARTY PROPERTY DAMAGE claims as opposed to the handling practices of Third Party property damage claims between August 1, 2017 to the present date.**

**Response to No. 23:**

State Farm objects to Topic No. 23 on the grounds that it is overly broad in time (not limited by the period of time when this claim was handled), and because it is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit.  State Farm further objects to this topic on the grounds that it seeks information that is neither relevant to the claims or defenses of a party (this is not a third-party case) nor proportional to the needs of the case; the scope of the question and the areas of inquiry globally are not proportionate to a narrow dispute over a partially paid mitigation invoice.  Finally, State Farm objects in that this topic may cover materials which are confidential, proprietary business information and/or trade secret.

EXHIBIT C

Subject to these objections and without waiving same, State Farm will not produce a witness to testify about Topic No. 23.

**24. Any and all contracts/agreements between STATE FARM FIRE AND CASUALTY COMPANY and any third party adjusters, consultants, Experts, etc. hired to work on the subject claim(s);**

**<u>Response to No. 24:</u>**

State Farm objects to this topic because it is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and specifically the claims between Cat 5 and State Farm, which relates only to Cat 5's collection of its mitigation invoice. State Farm further objects to this topic on the grounds that it seeks information that is neither relevant to the claims or defenses of a party nor proportional to the needs of the case. Finally, State Farm objects in that this topic may cover materials which are confidential, proprietary business information and/or trade secret.

Subject to these objections and without waiving same, State Farm will produce a witness to testify about State Farm's handling and adjustment of Cat 5's February 12, 2021 mitigation invoice, which is the sole basis for Cat 5's lawsuit against State Farm.

**25. Any and all correspondence between STATE FARM FIRE AND CASUALTY COMPANY and any third-party adjusters, consultants, Experts, etc. hired to work on the subject claim(s);.**

**<u>Response to No. 25:</u>**

*See* Response to Topic No. 24.

EXHIBIT C

**26. Any and all resources at the disposal of STATE FARM FIRE AND CASUALTY COMPANY and its agents/representatives in the adjustment of a property damage claim (ie: third party adjusters, Construction experts, upper management review, peer group review, other experts, additional technology, etc.);.**

<u>**Response to No. 26:**</u>

State Farm objects this topic to the extent that it seeks information that is protected by the attorney-client privilege or work-product doctrine. State Farm objects to this topic because it is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and specifically the claims between Cat 5 and State Farm, which relates only to Cat 5's collection of its mitigation invoice. State Farm further objects to this topic on the grounds that it seeks information that is neither relevant to the claims or defenses of a party nor proportional to the needs of the case.  Finally, State Farm objects in that this topic may cover materials which are confidential, proprietary business information and/or trade secret.

Subject to these objections and without waiving same, State Farm will produce a witness to testify about State Farm's handling and adjustment of Cat 5's February 12, 2021 mitigation invoice, which is the sole basis for Cat 5's lawsuit against State Farm.

**27. Any and all individuals who assisted in the review/collection of the documents produced in response to each and every enumerated topic set forth in the Subpoena Duces Tecum set forth below.**

<u>**Response to No. 27:**</u>

State Farm objects this topic to the extent that it seeks information that is protected by the attorney-client privilege or work-product doctrine. State Farm further objects to this topic on the grounds that it seeks information that is neither relevant to the claims or defenses of a party nor

EXHIBIT C

proportional to the needs of the case.  Finally, State Farm objects in that this topic may cover materials which are confidential, proprietary business information and/or trade secret.

Subject to these objections and without waiving same, State Farm will produce a witness to testify about State Farm's handling and adjustment of Cat 5's February 12, 2021 mitigation invoice, which is the sole basis for Cat 5's lawsuit against State Farm.

Respectfully submitted,

*/s/ David A. Strauss*_____
DAVID A. STRAUSS, #24665
BROCK L. WIMBERLEY, #37919
STRAUSS MASSEY DINNEEN LLC
935 Gravier Street, Suite 1250
New Orleans, Louisiana 70112
Telephone: (504) 380-0290
Facsimile: (504) 332-8434
dstrauss@smd-law.com
bwimberley@smd-law.com

*Attorneys for State Farm Fire*
  *and Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2023 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*/s/ David A. Strauss*_____
DAVID A. STRAUSS

EXHIBIT C

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **ESTATE OF BOBBY R. SHELTON,** | * | |
| **CYNTHIA FRISBIE AS EXECUTOR** | * | **CIVIL ACTION NO.:  2:21-cv-03658** |
| | * | *consolidated with* **2 :22-cv-02741** |
| | | |
| | * | **JUDGE:  JAMES D. CAIN, JR.** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE: KATHLEEN** |
| **STATE FARM FIRE AND** | * | **KAY** |
| **CASUALTY COMPANY** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**OBJECTIONS AND RESPONSES TO THE DOCUMENT REQUESTS IN
RELATION TO THE 30(b)(6) CORPORATE DEPOSITION ISSUED BY PLAINTIFF,
CAT 5 PRO, LLC**

**NOW COMES,** through undersigned counsel, Defendant, State Farm Fire and Casualty

Company, (hereinafter sometimes referred to as "State Farm"), which submits the following

objections to the 34 document requests issued in connection with the 30(b)(6) Notice of

Deposition of State Farm, which was issued by Plaintiff, Cat 5 Pro, LLC.

**General Responses and Objections**

As to all areas of inquiry and requested documents, the following objections are asserted

as applicable to each response, whether they are specifically restated therein or not:

1.  Cat 5's suit against State Farm is related solely to the collection of the unpaid balance of
    a February 12, 2021 invoice for Hurricane Laura/Delta mitigation work Cat 5 allegedly
    performed on the property of Cynthia Frisbie located at 3221 Landfair, Lake Charles, LA,
    70601. Thus, State Farm agrees to produce a witness to discuss topics related only to the
    specific dispute between Cat 5 and State Farm, which is State Farm's adjustment and
    handling of Cat 5's February 12, 2021 mitigation invoice. State Farm also agrees to
    produce a witness to speak to institutional procedures in place at the time of Hurricanes
    Laura and Delta. However, State Farm objects to any and all topics which are overly
    broad and unduly burdensome, and not reasonably tailored to include only matters
    relevant to the issues involved in this lawsuit and specifically to the claims between Cat 5
    and State Farm, which relates only to Cat 5's February 12, 2021 mitigation invoice. State

EXHIBIT C

Farm objects to the vast scope of the areas of inquiry and document production being disproportionate to the narrow dispute between CAT 5 and State Farm – a single mitigation invoice that has been partially paid.

2. State Farm objects to each and every individual topic to the extent that documents have already been produced in its Initial Disclosures.

3. State Farm objects to each and every individual topic to the extent they are vague and ambiguous, overly broad and unduly burdensome, and seeking information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

4. State Farm objects to each and every individual topic to the extent that it seeks information that is protected by the attorney-client privileged and/or the work product doctrine and or prepared or obtained in anticipation of litigation.

**Specific Responses and Objections to Document Requests listed in Plaintiff's Notice**

1. **Produce any/all complete and unaltered copies of all correspondence, reports, audits, and/or written communications by and between you and/or any person or entity regarding any aspect of the subject claim(s) or lawsuit..**

**Response to No. 1:**

State Farm objects to Request No. 1 on the grounds that it is overly broad in time (not limited by the period of time when this claim was handled), and because it is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and specifically the claims between Cat 5 and State Farm, which relates only to Cat 5's collection of its February 12, 2021 mitigation invoice; the scope of the question and the areas of inquiry globally are not proportionate to a narrow dispute over a partially paid mitigation invoice. Finally, State Farm objects in that this topic may cover materials which are confidential, proprietary business information and/or trade secret.

Subject to these objections and without waiving same, State Farm has produced the claim file related to the Hurricane Laura/Delta claim filed by Cynthia Frisbie in relation to alleged hurricane damages at 3221 Landfair, Lake Charles, LA, 70601, with corresponding privilege log.

EXHIBIT C

2.  **Produce any/all complete and unaltered copies of any and all manuals, polices, directives, guidelines, instructions (whether written, electronic, or otherwise), or literature or written materials of any kind which you consider instructive, suggestive, or helpful in any way in the adjusting of FIRST PARTY PROPERTY DAMAGE claims, whether any such document was provided to you by your employer or any other person or entity.**

<u>**Response to No. 2:**</u>

State Farm objects to this request as vague, ambiguous, overly broad specifically with respect to no time frame being provided and to the use of the term "any and all." This request is also potentially unduly burdensome. As State Farm can understand this request, it appears to be seeking confidential and proprietary business information. As written, this request seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case, as State Farm's procedures are intended to provide guidance but each claim is handled on its own merits.   And, more specifically, it is not reasonably tailored to the claims between Cat 5 and State Farm, which relate only to Cat 5's collection of its February 12, 2021 mitigation invoice; the scope of the question is not proportionate to a narrow dispute over a partially paid mitigation invoice.

Subject to and without waiving the foregoing objections, State Farm will produce, *subject to agreement that the CMO protective order applies to these documents*, guidelines pertinent to the adjustment of mitigation work that were in effect at the time of the Hurricane Laura/Delta claim filed by Cynthia Frisbie.

3.  **If you dispute coverage in any whole or in part, please produce any/all documents that support denial of coverage, including;**

    **a. Any exclusions or exceptions, or other coverage or legal defenses;**
    **b. The factual basis for any exclusion, limitation, exception, or condition-based dispute or defense;**
    **c. Whether there is also a dispute as to the value or amount of the Claimed Loss;**

EXHIBIT C

**d. Any other basis on which coverage was denied.**

<u>**Response to No. 3:**</u>

State Farm objects to this request as vague, ambiguous, overly broad specifically with respect to no time frame being provided and to the use of the term "any/all." This request is also potentially unduly burdensome. As State Farm can understand this request, it appears to be seeking confidential and proprietary business information. State Farm further objects to Topic No. 3 on the grounds that it is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and specifically the claims between Cat 5 and State Farm, which relates only to Cat 5's collection of its February 12, 2021 mitigation invoice; the scope of the request is not proportionate to a narrow dispute over a partially paid mitigation invoice.

Subject to and without waiving the foregoing objections, State Farm has produced the claim file related to the Hurricane Laura/Delta claim filed by Cynthia Frisbie in relation to alleged hurricane damages at 3221 Landfair, Lake Charles, LA, 70601, with corresponding privilege log, and the applicable State Farm policy. State Farm also refers to its expert Rule 26 disclosures and reports previously produced.

4.  **If there is a dispute over all or part of the valuation, please produce any documents that explain the Insurer's basis for disputing the value or amount of the Claimed Loss, including:**

    **a. The Insurer's understanding of the nature of the dispute;**
    **b. The amount the Insurer disputes and the basis for that dispute, including any applicable Policy provisions that the Insurer alleges or believes are relevant to the dispute; and**
    **c. The amount the Insurer agrees to pay, if any, with respect to any undisputed part of the Claimed Loss.**

EXHIBIT C

**Response to No. 4:**

State Farm objects to this request  this request is potentially unduly burdensome. As State Farm can understand this request, it appears to be seeking confidential and proprietary business information. State Farm further objects to Topic No. 3 on the grounds that it is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and specifically the claims between Cat 5 and State Farm, which relates only to Cat 5's collection of its February 12, 2021 mitigation invoice; the scope of the request is not proportionate to a narrow dispute over a partially paid mitigation invoice.

Subject to and without waiving the foregoing objections, State Farm has produced the claim file related to the Hurricane Laura/Delta claim filed by Cynthia Frisbie in relation to alleged hurricane damages at 3221 Landfair, Lake Charles, LA, 70601, with corresponding privilege log and the policy. State Farm also refers to its expert Rule 26 disclosures and reports previously produced.

5. **Produce and identify any/all Policy terms or conditions that the Insurer alleges the Insured failed to comply with, including conditions precedent or other terms.**

**Response to No. 5:**

*See* Response to Request No. 4; and State Farm is not asserting that the insured failed to comply with policy terms with regard to the mitigation invoice submitted by CAT 5. Subject to and without waiving the foregoing objections, State Farm has produced the claim file related to the Hurricane Laura/Delta claim filed by Cynthia Frisbie in relation to alleged hurricane damages at 3221 Landfair, Lake Charles, LA, 70601, with corresponding privilege log.

EXHIBIT C

**6.   Produce and identify any/all Policy terms or conditions that the Insurer alleges the insured failed to comply with, including conditions precedent or other terms.**

**<u>Response to No. 6:</u>**

See Response to Request No. 5.

**7.   Produce an accounting of any/all payments previously made under the Policy relating to the Event, said accounting should specify under what coverage payment was made, the date said payment was made, and specify the damage that said payment was intended to cover.**

**<u>Response to No. 7:</u>**

See Response to Topic No. 4. Subject to and without waiving the foregoing objections, State Farm has produced the claim file related to the Hurricane Laura/Delta claim filed by Cynthia Frisbie in relation to alleged hurricane damages at 3221 Landfair, Lake Charles, LA, 70601, with corresponding privilege log.

**8.   Produce any/all documents that provide a basis for nonpayment of the Claimed Loss, in whole or in part.**

**<u>Response to No. 8:</u>**

See Response to Topic No. 4. Subject to and without waiving the foregoing objections, State Farm has produced the claim file related to the Hurricane Laura/Delta claim filed by Cynthia Frisbie in relation to alleged hurricane damages at 3221 Landfair, Lake Charles, LA, 70601, with corresponding privilege log and the State Farm policy. State Farm also refers to its expert Rule 26 disclosures and reports previously produced.

EXHIBIT C

**9.  Produce any/all documents related to any other Event-related lawsuits filed for the Property or the Insured.**

<u>**Response to No. 9:**</u>

 The lawsuit by State Farm's policyholder related to Hurricane Laura has been consolidated with the CAT 5 lawsuit and available to CAT 5 on Pacer.

**10. If preexisting damages is at issue in the litigation, produce any/all documents in regards to said pre-existing damages..**

<u>**Response to No. 10:**</u>

See Response to Topic No. 4. Subject to and without waiving the foregoing objections, State Farm has produced the claim file related to the Hurricane Laura/Delta claim filed by Cynthia Frisbie in relation to alleged hurricane damages at 3221 Landfair, Lake Charles, LA, 70601, with corresponding privilege log. State Farm also refers to its expert Rule 26 disclosures and reports previously produced.

**11. Produce any/all documents you may introduce at the trial of this matter.**

<u>**Response to No. 11:**</u>

State Farm objects to this request as overly broad and unduly burdensome. State Farm objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.  State Farm further objects to this request as it is premature, as discovery is ongoing, and State Farm has not yet gathered all necessary information that may allow it to fully respond to this request.  State Farm will identify its exhibits in according with any deadlines set forth in the Court's scheduling order. And State Farm refers CAT 5 to all documents produced herein and in State Farm's CMO disclosures. Subject to said objections, see

EXHIBIT C

the documents produced by State Farm in its CMO disclosures and State Farm's expert Rule 26 disclosures and reports.

**12. Produce the entire claim file maintained by the Insurer.**

**Response to No. 12:**

State Farm does not maintain a physical file folder with respect to this claim. Information regarding this claim is created, stored, managed and accessed primarily in and through the Enterprise Claim System ("ECS"), a proprietary web-based system used by State Farm claims associates. "Claim File" has a distinct meaning to State Farm based upon the portion of its Operation Guide that provides instructions on what to retrieve from ECS to generate a Claim File for production outside the ECS environment. State Farm further objects to this interrogatory because it is neither relevant nor proportional to the needs of the case. State Farm handles each claim according to its individual merits and unique set of circumstances.  State Farm objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, State Farm has produced the claim file related to the Hurricane Laura/Delta claim filed by Cynthia Frisbie in relation to alleged hurricane damages at 3221 Landfair, Lake Charles, LA, 70601, with corresponding privilege log.

**13. Produce any/all complete Policy(ies) of insurance in effect at the time of the Event at issue.**

State Farm objects to this request on the grounds that it is overly broad in time (not limited by any reasonable period), scope (it is not limited by type of policy or insurance

EXHIBIT C

coverage) and due to the use of the terms "any" and "all" with respect to the broad categories of documents requested.

Subject to and without waiving the foregoing objections, State Farm previously produced produced in its CMO disclosures a copy of policy No. 98-CW-2946-4 issued to Estate of Bobby Shelton, Cynthia Frisbie, Executor.

**14. Produce any/all assessments of the Claimed Loss, including:**

> **a. Loss reports;**
> **b. Expert reports that contain any description or analysis of the scope of loss or any defenses under the Policy;**
> **c. Damage assessments;**
> **d. Adjuster's reports;**
> **e. Engineering reports;**
> **f. Contractor's reports; and**
> **g. Estimates of repair or replacement.**
> **h. This shall include all reports or analyses, including all drafts, prepared as part of the evaluation or claim(s) process involving Insured's claim by Insurer, or documents or records reviewed in any way in connection with Insurer's handling of the claim.**

**<u>Response to No. 14:</u>**

State Farm does not maintain a physical file folder with respect to most claims. Information regarding this claim is created, stored, managed and accessed primarily in and through the Enterprise Claims System ("ECS"), a proprietary web-based system used by State Farm claims associates. "Claim File" has a distinct meaning to State Farm based upon the portion of its Operation Guide that provides instructions on what to retrieve from ECS to generate a Claim File for production outside the ECS environment. State Farm produced its Claim File as it does in the usual course of business pursuant. State Farm is withholding portions of its Claim File that contain information protected by the attorney client privilege and/or is work

EXHIBIT C

product.  To the extent that this request seeks production of information other than the "Claim File" as described above, State Farm objects to this request as overbroad, vague, ambiguous, burdensome, and as seeking information that is neither relevant to the claims or defenses of a party nor proportional to the needs of the case.  Further, the documents sought may also violate the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing objections, State Farm has produced the claim file related to the Hurricane Laura/Delta claim filed by Cynthia Frisbie in relation to alleged hurricane damages at 3221 Landfair, Lake Charles, LA, 70601, with corresponding privilege log. State Farm also refers CAT 5 to its Rule 26 expert disclosures previously provided.

**15. Produce any/all photographs and videos of the Property taken for the purpose of documenting the condition of the Property, including photographs and videos of the Claimed Loss.**

<u>**Response to No. 15:**</u>

See Response to No. 14.

**16. Produce any/all other evaluations of the Claimed Loss.**

<u>**Response to No. 16:**</u>

State Farm objects to Request No. 16 on the grounds that it is overly broad in time (not limited by the period of time when this claim was handled), and because it is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and specifically the claims between Cat 5 and State Farm, which relates only to Cat 5's collection of its February 12, 2021 mitigation invoice; the scope of the question and the areas of inquiry globally are not proportionate to a narrow dispute over a partially paid mitigation invoice. Finally, State Farm

EXHIBIT C

objects in that this topic may cover materials which are confidential, proprietary business information and/or trade secret.

Subject to these objections and without waiving same, State Farm has produced the claim file related to the Hurricane Laura/Delta claim filed by Cynthia Frisbie in relation to alleged hurricane damages at 3221 Landfair, Lake Charles, LA, 70601, with corresponding privilege log. State Farm also refers to its expert Rule 26 disclosures and reports previously produced.

**17. Produce any/all documents containing recordings, transcripts, or notes of statements, conversations, or communications by or between the Insurer and the Insured relating to the Event.**

**Response to No. 17:**

See Response to No. 16. Subject to these objections and without waiving same, State Farm has produced the claim file related to the Hurricane Laura/Delta claim filed by Cynthia Frisbie in relation to alleged hurricane damages at 3221 Landfair, Lake Charles, LA, 70601, with corresponding privilege log.

**18. Produce any/all claim log, journal, diary, or records maintained by the Insurer relating to the Claimed Loss. This includes all written records, written communications, records of oral communications, reports, audits, or other records, including any documents, envelopes, logs or other documents evidencing when Insurer came into possession of any such records, regarding any aspect of the Insured's claim or that are in any way relating to the Insurer's investigation into the Claimed Loss, Insurer's processing of Insured's claim (including adjustment, evaluation, and handling), or Insurer's claim decision..**

**Response to No. 18:**

*See* Response to Request No. 16. Subject to these objections and without waiving same, State Farm has produced the claim file related to the Hurricane Laura/Delta claim filed by Cynthia Frisbie in relation to alleged hurricane damages at 3221 Landfair, Lake Charles, LA, 70601, with corresponding privilege log.

EXHIBIT C

**19. Produce the complete underwriting file maintained by the Insurer relating to the Property, its condition, or coverage.**

**Response to No. 19:**

State Farm objects to this request on the grounds that it is overly broad in time (not limited by any reasonable period), scope (it is not limited by type of policy or insurance coverage) and due to the use of the terms "any" and "all" with respect to the broad categories of documents requested. State Farm objects to producing underwriting information on the ground that it is neither relevant to the claims or defenses of a party nor proportional to the needs of the case, because there is no dispute that the applicable policy was in effect on the date of loss and this is a narrow claim by CAT 5 against State Farm over a disputed mitigation invoice. Underwriting and application information is stored electronically in multiple locations. State Farm further objects to the term "underwriting file" because it assumes a physical file folder exists and because this request is vague, ambiguous and overbroad as to what is meant by an underwriting file. State Farm does not maintain a physical file folder with respect to most insurance policies issued. In addition, this request has the potential to be unduly burdensome. Subject to said objections, see the underwriting materials produced with State Farm's CMO disclosures.

**20. Produce proofs of loss for the Claimed Loss, including but not limited to, demands made regardless of whether deemed as "sufficient proof of loss" or not.**

**Response to No. 20:**

*See* Response to Request No. 16. Further this request improperly asks State Farm to render legal opinions/conclusion as to "proof of loss." Subject to these objections and without waiving same, State Farm has produced the claim file related to the Hurricane Laura/Delta claim

EXHIBIT C

filed by Cynthia Frisbie in relation to alleged hurricane damages at 3221 Landfair, Lake Charles, LA, 70601, with corresponding privilege log.

**21. Produce any/all appraisals of the subject property currently at issue.**

<u>**Response to No. 21:**</u>

*See* Response to Request No. 16. There was no "appraisal" done in this matter under the "appraisal" clause of the State Farm policy. Subject to these objections and without waiving same, State Farm has produced the claim file related to the Hurricane Laura/Delta claim filed by Cynthia Frisbie in relation to alleged hurricane damages at 3221 Landfair, Lake Charles, LA, 70601, with corresponding privilege log.

**22. Produce any/all manuals, policies, directives, guidelines, instructions (whether written, electronic, or otherwise), literature, or similar written materials that would pertain to the Claimed Loss, Hurricane Laura claims generally when the Claimed Loss relates to Laura, or to similar types of claims generally such that they would therefore be applicable to the Hurricane Cases including the Insured's claim. This includes any document that Insurer relied upon, or intends to rely upon, pertaining to industry guidelines, standard practices, or recommended practices for adjusting first party claims.**

<u>**Response to No. 22:**</u>

*See* Response to Request No. 2.

**23. Produce any/all other document(s) on which the Insurer relies to support its defenses.**

<u>**Response to No. 23:**</u>

*See* Response to Request No. 11, and State Farm's Rule 26 expert disclosures and reports.

**24. Produce any/all copies of all manuals, videotapes, computer-based learning modules, pamphlets, packets, memoranda, emails, and any and all other documents and/or media that detail the training and/or education provided to**

EXHIBIT C

**Defendant's employees/agents regarding evaluation of FIRST PARTY PROPERTY DAMAGE claims.**

**Response to No. 24:**

*See* Response to Request No. 2.

**25. Produce any/all copies of all documents that detail the steps of the claims process followed in adjusting the claim(s) of plaintiff(s) herein.**

**Response to No. 25:**

*See* Response to Request No. 2. Subject to these objections and without waiving same,

State Farm has produced the claim file related to the Hurricane Laura/Delta claim filed by

Cynthia Frisbie in relation to alleged hurricane damages at 3221 Landfair, Lake Charles, LA,

70601, with corresponding privilege log.

**26. Produce copies of the results of any and all computer analysis (whether written, electronic, or otherwise) of Plaintiff's claim(s) in this cause, as well as all documents and communications (whether written, electronic, or otherwise) disseminated by and/or between agents and/or employees of Defendant regarding such results..**

**Response to No. 26:**

*See* Response to Request No. 16. Subject to these objections and without waiving same,

State Farm has produced the claim file related to the Hurricane Laura/Delta claim filed by

Cynthia Frisbie in relation to alleged hurricane damages at 3221 Landfair, Lake Charles, LA,

70601, with corresponding privilege log.

**27. Produce any/all complete and unaltered copies of the following documents relating to the claim(s) of plaintiff(s) herein, including all letters, correspondence, facsimiles, reports, logs, e-mails, notes, memoranda, and other forms of communication relating to the following:**

a. Any activity taken in connection with investigation, adjustment, evaluation, and handling of the claims;
b. All written communications or notes from oral communications whether in

EXHIBIT C

person or by telephone, by and between any of your employees, and relating in any way to the processing of the claim(s) at issue in this litigation;

c. Any notes from any oral communications whether in person or by telephone, by and between any of your employees and any other person (excluding attorney/client communications), relating in any way to the claim(s) at issue in the instant proceeding;

d. Any written records of any investigation conducted in connection with the claim at issue herein, together with any documents, envelopes, logs or other documents evidencing when you came into possession of any such records; and

e. Any and all file folders, envelopes, in which any of the requested documents are contained.

**Response to No. 27:**

*See* Response to Request No. 16. Subject to these objections and without waiving same, State Farm has produced the claim file related to the Hurricane Laura/Delta claim filed by Cynthia Frisbie in relation to alleged hurricane damages at 3221 Landfair, Lake Charles, LA, 70601, with corresponding privilege log.

**28. Produce any/all documents referred to, relied upon, or that you consider a reliable resource pertaining to industry guidelines, standard practices, and recommended practices regarding FIRST PARTY PROPERTY DAMAGE claims handling practices.**

**Response to No. 28:**

*See* Response to Request No. 2. Subject to these objections and without waiving same, State Farm has produced the claim file related to the Hurricane Laura/Delta claim filed by Cynthia Frisbie in relation to alleged hurricane damages at 3221 Landfair, Lake Charles, LA, 70601, with corresponding privilege log.

**29. Produce any/all documents pertaining to the differences in handling practices of FIRST PARTY PROPERTY DAMAGE claims as opposed to the handling practices of Third Party property damage claims including, but not limited to, the documents that set forth the actual practices.**

EXHIBIT C

**Response to No. 29:**

*See* Response to Request No. 2. Subject to these objections and without waiving same, State Farm has produced the claim file related to the Hurricane Laura/Delta claim filed by Cynthia Frisbie in relation to alleged hurricane damages at 3221 Landfair, Lake Charles, LA, 70601, with corresponding privilege log.

> **30. Produce any/all documents pertaining to any/all contracts/agreements between STATE FARM FIRE AND CASUALTY COMPANY and any third party adjusters or Experts hired to work on the subject claim(s);.**

**Response to No. 30:**

*See* Response to Request No. 2. Subject to these objections and without waiving same, State Farm has produced the claim file related to the Hurricane Laura/Delta claim filed by Cynthia Frisbie in relation to alleged hurricane damages at 3221 Landfair, Lake Charles, LA, 70601, with corresponding privilege log.

> **31. Produce any/all documents pertaining to any/all correspondence between STATE FARM FIRE AND CASUALTY COMPANY and any third-party adjusters or Experts hired to work on the subject claim(s).**

**Response to No. 31:**

*See* Response to Request No. 16. Further, State Farm objects to the production of communications with its experts retained for this litigation as protected under Rule 26. Subject to these objections and without waiving same, State Farm has produced the claim file related to the Hurricane Laura/Delta claim filed by Cynthia Frisbie in relation to alleged hurricane damages at 3221 Landfair, Lake Charles, LA, 70601, with corresponding privilege log.

EXHIBIT C

**32. Produce any/all documents pertaining to any/all resources at the disposal of STATE FARM FIRE AND CASUALTY COMPANY and their adjusters in the adjustment of a property damage claim (i.e.: third party adjusters, Construction experts, upper management review, peer group review, other experts, additional technology, etc.)**

**Response to No. 32:**

*See* Response to Request No. 2. Subject to these objections and without waiving same, State Farm has produced the claim file related to the Hurricane Laura/Delta claim filed by Cynthia Frisbie in relation to alleged hurricane damages at 3221 Landfair, Lake Charles, LA, 70601, with corresponding privilege log.

**33. In the event such documentation/information is not already addressed herein, Produce any all documents in regards to NUMBER: 1 through 32.**

**Response to No. 33:**

*See* Response to Requests No. 2 and 16. Subject to these objections and without waiving same, State Farm has produced the claim file related to the Hurricane Laura/Delta claim filed by Cynthia Frisbie in relation to alleged hurricane damages at 3221 Landfair, Lake Charles, LA, 70601, with corresponding privilege log.

**34. Produce any/all documents not identified above but contained in the claim(s) file pertaining to the claim currently at issue..**

**Response to No. 34:**

*See* Response to Request No. 16. Subject to these objections and without waiving same, State Farm has produced the claim file related to the Hurricane Laura/Delta claim filed by Cynthia Frisbie in relation to alleged hurricane damages at 3221 Landfair, Lake Charles, LA, 70601, with corresponding privilege log.

EXHIBIT C

Respectfully submitted,

*/s/ David A. Strauss*_____
DAVID A. STRAUSS, #24665
BROCK L. WIMBERLEY, #37919
STRAUSS MASSEY DINNEEN LLC
935 Gravier Street, Suite 1250
New Orleans, Louisiana 70112
Telephone: (504) 380-0290
Facsimile: (504) 332-8434
dstrauss@smd-law.com
bwimberley@smd-law.com

*Attorneys for State Farm Fire*
  *and Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2023 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*/s/ David A. Strauss*_____
DAVID A. STRAUSS

EXHIBIT C