

Neutral

As of: August 25, 2023 5:26 PM Z

# Plan Admin. Agent v. New NGC, Inc. (In re Kevco, Inc.)

United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division

May 29, 2003, Decided

CASE NO. 01-40783-BJH-11 Jointly administered ADV. PRO. 02-4166-BJH

**Reporter**
2003 Bankr. LEXIS 519 *

IN RE: KEVCO, INC. et al., Debtor. PLAN ADMINISTRATION AGENT, ACTING ON BEHALF OF KEVCO, INC. UNDER ITS CONFIRMED PLAN, Plaintiff, - against - NEW NGC, INC.; BBC DISTRIBUTION, LLC; BANKS CORPORATION, WILLIAM P. BANKS, DAN R. HARDIN, and DALE LEDBETTER, Defendants.

**Subsequent History:** Adversary proceeding at, Motion denied by Plan Admin. Agent v. New NGC, Inc. (In re Kevco, Inc.), 2004 Bankr. LEXIS 2557 (Bankr. N.D. Tex., June 1, 2004)

**Disposition:** Order of depositions established.

## Core Terms

deposition, discovery, witnesses, depose, notice, allegations, parties, personal knowledge, employees, protective order, designate, Sequence, deposition notice, fact witness, manufactured, documents, e-mail

## Case Summary

### Procedural Posture

In an action against defendants who included the liquidated Chapter 11 debtor's former officers, plaintiff liquidating agent filed a motion requesting that one former officer be deposed before other depositions. That officer, together with codefendants, his newly formed company and another officer, filed a motion for a protective order and for priority in deposing the agent's fact witnesses, requesting disclosure under Fed. R. Civ. P. 30(b)(6).

### Overview

While neither side had made a particularly compelling showing as to the convenience of parties and witnesses or the interest of justice under Fed. R. Civ. P. 26(d), on balance, the factors favored according priority to the agent's request to depose the former officer first. The agent was charged with a fiduciary obligation to prosecute the lawsuit premised upon facts of which he had no personal knowledge. The most knowledgeable fact witnesses as to whether the new company was formed in a scheme to steal the debtors' business and customers were defendant former officers. The agent had a need for such critical testimony, was prepared to take the former officer's deposition immediately, and was not improperly trying to gain an unfair advantage. While other defendants informally requested a Fed. R. Civ. P. 30(b)(6) deposition informally, they had not specified any areas of inquiry and did not bring the dispute before the court for intervention. Any delay appeared to be that of defendants. The complaint stated sufficient facts. The debtors had been liquidated and had no employees. It also appeared that no former officer or employee would appear at a deposition without a subpoena.

### Outcome

The court ordered that the first deposition to take place would be the agent's deposition of the former officer as had been requested by the agent.

## LexisNexis® Headnotes

Civil Procedure > ... > Responses > Defenses, Demurrers & Objections > Defects of Form

Civil Procedure > ... > Pleadings > Heightened Pleading Requirements > General Overview

Civil Procedure > ... > Pleadings > Heightened Pleading Requirements > Fraud Claims

*HN1*[ ] **Defenses, Demurrers & Objections, Defects of Form**

See U.S. Dist. Ct., N.D. Tex., R. 12.1.

Bankruptcy Law > Procedural Matters > Adversary Proceedings > Discovery

Civil Procedure > ... > Methods of Discovery > Depositions > Oral Depositions

Bankruptcy Law > Procedural Matters > Adversary Proceedings > General Overview

*HN2*[ ] **Adversary Proceedings, Discovery**

*Fed. R. Civ. P. 30(b)(6)* is applicable to bankruptcy adversary proceedings pursuant to *Fed. R. Bankr. P. 7030*.

Civil Procedure > ... > Methods of Discovery > Depositions > Oral Depositions

*HN3*[ ] **Depositions, Oral Depositions**

See *Fed. R. Civ. P. 30(b)(6)*.

Bankruptcy Law > Procedural Matters > Adversary Proceedings > Discovery

Civil Procedure > Discovery & Disclosure > Disclosure > Mandatory Disclosures

Bankruptcy Law > Procedural Matters > Adversary Proceedings > General Overview

*HN4*[ ] **Adversary Proceedings, Discovery**

*Fed. R. Civ. P. 26(d)* is applicable to bankruptcy proceedings by *Fed. R. Bankr. P. 7026*.

Civil Procedure > Discovery & Disclosure > Disclosure > Mandatory Disclosures

Civil Procedure > Discovery & Disclosure > General Overview

Civil Procedure > ... > Discovery > Methods of Discovery > General Overview

Civil Procedure > ... > Methods of Discovery > Depositions > Oral Depositions

*HN5*[ ] **Disclosure, Mandatory Disclosures**

Prior to 1970, priority in taking depositions normally went to the party to first serve a notice of deposition, absent a compelling reason to depart from that rule. However, the 1970 amendment to *Fed. R. Civ. P. 26(d)* abolished that rule and vested authority to order the sequence of discovery with the court in its discretion. Thus, in resolving a dispute over the timing or sequence of discovery, the court gives little weight to who noticed the first deposition.

Business & Corporate Law > ... > Management Duties & Liabilities > Causes of Action > General Overview

Civil Procedure > ... > Methods of Discovery > Depositions > Oral Depositions

Civil Procedure > ... > Discovery > Methods of Discovery > General Overview

*HN6*[ ] **Management Duties & Liabilities, Causes of Action**

*Fed. R. Civ. P. 30(b)(6)* allows a party to name as a deponent a public or private corporation or a partnership or association or governmental agency. Provided the party seeking the deposition describes with reasonable particularity the matters on which examination is requested, the "organization" must designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, to testify in response to the notice. In the ordinary case, an "organization" cannot avoid its obligation to designate a witness by pleading that no individual employee possesses specific, personal knowledge. Rather, if no employees are able to provide testimony on the matters specified in the notice, then the organization must prepare a designated witness to address the noticed topics as well as it can with pertinent information reasonably available to the organization. However, an organization does not have to produce a designee who is no longer in its employ as an officer, director, or managing agent. For a *Rule 30(b)(6)* deposition to operate effectively, the deposing party must designate the areas of inquiry with reasonable particularity and the

organization must adequately prepare witnesses to address these areas.

Civil Procedure > ... > Methods of Discovery > Depositions > Oral Depositions

Civil Procedure > ... > Discovery > Methods of Discovery > General Overview

HN7[ ]  Depositions, Oral Depositions

Because one of the characteristics of corporate existence is perpetual life, it is possible that employees with personal knowledge about specific matters may have died or left the corporation's employ. In that case, the corporation is still obligated to prepare a designee for a Fed. R. Civ. P. 30(b)(6) examination using information available to it from documents, past employees, or other sources. However, the rule presupposes the continued existence of the corporation.

**Counsel:** [*1]  For Kevco, Inc., Debtor (01-40783-bjh11): Stephen M. Pezanosky, Haynes & Boone, Dallas, TX.

For Kevco, Inc., Debtor (01-40783-bjh11): Timothy D. Hernly, Barnes & Thornburg, South Bend, IN.

UST, U.S. Trustee (01-40783-bjh11): William Sterrett Parkinson, Office of the U.S. Trustee, Dallas, TX.

For Official Committee of Unsecured Creditor, Creditor Committee (01-40783-bjh11): David William Parham, Kristin H. Jain, Baker and McKenzie, Mark MacDonald, Mark MacDonald & Associates, Dallas, TX.

For Official Committee of Unsecured Creditors, Plaintiff (4-02-04166-bjh): James T. Grogan, III, Baker & McKenzie, Kristin H. Jain, Baker and McKenzie, Dallas, TX.

For New NGC, Inc., Defendant (4-02-04166-bjh): R. Steven DeGeorge, Robinson, Bradshaw & Hinson, Charlotte, NC.

For BBC Distrubution, LLC, Dan R. Hardin, Dale Ledbetter, Defendants (4-02-04166-bjh): Deirdre B. Ruckman, Gardere, Wynne & Sewell, Dallas, TX.

For William P. Banks, Banks Corp., Defendants (4-02-04166-bjh): James M. Matthews, Paul J. Peralta, Baker & Daniels, South Bend, IN.

For William P. Banks, Banks Corp., Defendants (4-02-04166-bjh): Paul Christopher Watler, Jenkens & Gilchrist, Dallas,  [*2] TX.

Dan R. Hardin, Defendant (4-02-04166-bjh), Pro se, Dallas, TX.

Dale Ledbetter, Defendant (4-02-04166-bjh), Pro se, Dallas, TX.

For Banks Corp., Defendant (4-02-04166-bjh): James R. Brotherson, Elkhart, IN.

**Judges:** Barbara J. Houser, United States Bankruptcy Judge.

**Opinion by:** Barbara J. Houser

## Opinion

### Memorandum Opinion

At the parties' request, the Court held a status conference in the above-captioned adversary proceeding on March 24, 2003. At the conference, the parties orally requested that the Court rule on a discovery dispute which had arisen between them, and the Court requested briefing from both sides and indicated that upon receipt of those briefs, it would take the matter under submission. In response, on April 7, 2003, Dennis Faulkner as Plan Administration Agent (the "Agent") filed a Motion for Order Providing First Priority Status to Deposition of Dale Ledbetter and supporting brief. On April 8, 2003, Defendants BBC Distribution LLC ("BBC"), Dan R. Hardin ("Hardin") and Dale Ledbetter ("Ledbetter") (collectively, the "BBC Defendants") filed a Motion and Brief for Protective Order and for Priority in Deposing Plaintiff's Witnesses. On April 14, 2003, the [*3] BBC Defendants filed opposition to the Agent's motion. On that same date, the Agent filed a response to the BBC Defendants' motion. On April 15, 2003, Defendants William P. Banks and Banks Corporation (collectively, the "Banks Defendants") filed a Memorandum in Support of Request for Scheduling Order Regarding Deposition Sequence. On April 22, 2003, the Agent filed a response to the Banks Defendants' memorandum. What follows is the Court's ruling on the merits of this discovery dispute.

### Factual and Procedural Background

On February 5, 2001, Kevco, Inc., Kevco Management, Inc., Kevco Holding, Inc., Kevco GP, Inc., Kevco Components, Inc., DCM Delaware, Inc., Kevco

Manufacturing, L.P., and Kevco Distribution, L.P. (collectively, "Kevco" or the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. By Order dated February 12, 2001, the Debtors' cases were jointly administered. On May 28, 2002, the Court entered an Agreed Order granting a motion by the Official Committee of Unsecured Creditors (the "Committee") for authority to pursue actions on behalf of the Debtors' estates. On June 2, 2002, the Committee filed its original complaint (the [*4] "Complaint") against the Defendants thereby commencing this adversary proceeding. On November 24, 2002, the Court confirmed a Chapter 11 plan of reorganization for the Debtors, [1] which vested authority to pursue the Complaint in the Agent. The plan became effective on December 5, 2002, and since that time, the Agent has pursued the Complaint. [2]

The Complaint alleges, in general, that (i) prior to their bankruptcy filings, the Debtors were the largest distributors and manufacturers of building products for the manufactured housing and recreational vehicle industries; (ii) the largest and most profitable segment of the Debtors' businesses was its distribution group, which distributed plumbing [*5] products, building products, electrical components and hardware; (iii) the majority of goods the Debtors distributed were goods supplied by New NGC, Inc. ("New NGC"); (iv) Hardin was President of the distribution group from July 1999 until February 2001, and Ledbetter was Executive Vice President of Sales and Marketing; (v) while the manufactured housing and recreational vehicle industries suffered severe downturns in 1999 and 2000, the Debtors believed that they could restructure by divesting themselves of unprofitable units and retaining those which focused primarily on the distribution segment of their businesses; and (vi) the Debtors negotiated with Defendant Banks, Chief Executive Officer of Defendant Banks Corporation, for a possible merger of their respective distribution operations which would benefit both the Debtors and the Banks Defendants and, to that end, those parties executed a confidentiality agreement.

The Complaint further alleges that while the Debtors' efforts at restructuring were underway, Hardin and Ledbetter were surreptitiously discussing the formation of a new manufactured housing parts distribution company - *i.e.,* BBC - with the Banks Defendants and [*6] New NGC which would consist of the Debtors' distribution managers, confidential information, largest supplier, and, eventually, the Debtors' customers. The Complaint further alleges that Defendants were planning to take the Debtors' most valuable assets and undermine the Debtors' opportunity to restructure, and that on January 15, 2001 and January 26; 2001, respectively, Ledbetter and Hardin resigned from their positions with the Debtors, and that on February 16, 2001, BBC filed the necessary papers in Delaware to begin operations. The Complaint further alleges that New NGC, Banks Corporation and/or Banks, Hardin, and Ledbetter are each principals and/or members in BBC. In short, the Complaint states claims for breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, theft of trade secrets, tortious interference with both existing and prospective contracts, conspiracy to commit each of these torts, fraudulent conveyance on several theories, and recovery of unauthorized post-petition transfers under section 549 of the Bankruptcy Code. None of the Defendants have filed any motions directed to the sufficiency of the Complaint. [3]

[*7] To date, the parties have engaged in extensive written discovery. In addition, counsel for the Banks Defendants informally requested, by e-mail dated November 19, 2002, that the Committee provide a witness pursuant to Fed. R. Civ. P. 30(b)(6): [4]

---

[1] The Debtors' businesses were not reorganized. Rather, the plan provided for the liquidation of the Debtors' estates.

[2] The Agent retained the same counsel, Baker & McKenzie, to represent him in this litigation as had the Committee. In fact, such counsel was counsel to the Committee during the Debtors' bankruptcy cases.

[3] The BBC Defendants contend that although they believe the Complaint's allegations are conclusory, they have not filed any motions because Rule 12.1 of the Local Civil Rules of the United States District Court for the Northern District of Texas provides that HN1[↑] "except for motions complaining of failure to plead fraud or mistake with particularity pursuant to Fed. R. Civ. P. 9(b), a motion for more definite statement may only be filed where the information sought cannot be obtained by discovery."

[4] HN2[↑] Federal Rule of Civil Procedure 30(b)(6) is applicable to this adversary proceeding pursuant to Fed. R. Bankr. P. 7030. It provides:

> HN3[↑] ] A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall

> We will be interested in taking a 30(b)(6) dep [sic] of persons most knowledgeable about the allegations in the Committee's complaint. Please let us know of available December dates … all of this assumes the Committee is able to produce such individuals whom we assume are Kevco employees or alums [sic]. Please let us know ….

Committee counsel responded as follows:

> You are correct in that we have identified, among others, former Kevco employees as the persons having the most knowledge and information about the allegations in the Complaint. However, the Committee is not comprised of former Kevco employees who have knowledge, nor does the Committee have any authority to compel (absent a subpoena issued by the Committee) the former employees to appear at a deposition. The Committee would not be opposed to a 30(b)(6) directed at the Debtors or to assisting you with locating, using information available to us, such **[*8]** witnesses for individual depositions. You might also want to consider contacting counsel for the Debtors ….

No depositions were scheduled or taken pursuant to this e-mail request.

**[*9]** Since succeeding to the Committee on December 5, 2002 as plaintiff, the Agent has continued to pursue discovery from third parties in an effort to supplement the Committee's prior document production to the Defendants. In addition, on March 3, 2003, the Agent issued a Notice of Oral Deposition to Ledbetter, directing him to appear on March 31, 2003 for his deposition. In response, Ledbetter's counsel advised that Ledbetter would not appear unless or until the Agent both supplemented document production in response to written discovery propounded by the Defendants and produced his fact witnesses for deposition.

The Agent has agreed to produce additional documents and to reschedule Ledbetter's deposition until a date after the Agent's supplemental document production. However, the parties continue to dispute who gets to take the first deposition - *i.e.,* whether Ledbetter's deposition should await the deposition(s) of the Agent's witness(es).

The Agent seeks to establish first priority status for Ledbetter's deposition for three reasons. First, the Agent points out that normal practice prior to the 1970 amendment to *Federal Rule of Civil Procedure 26(d)* was that depositions were **[*10]** taken in the order in which they were noticed. The Agent concedes that *Rule 26(d)* was amended in 1970 and no longer mandates priority in accordance with the timing of notice. However, the Agent argues that *Rule 26(d)* was amended to address three primary concerns, none of which are implicated here, and thus the old priority rule should govern and the Agent, who formally noticed the first deposition, should be permitted to depose Ledbetter prior to the Defendants taking the deposition of any of the Agent's witnesses. Second, the Agent points out that he is neither an individual nor an organization with personal knowledge of the events and transactions upon which his claims are based. In fact, according to the Agent, his crucial witnesses are the former employees of the Debtors - *ie.,* Hardin and Ledbetter -- themselves. He asserts that Hardin and Ledbetter are the two persons with the most knowledge regarding the facts underlying the Complaint's allegations and that they are necessarily the fact witnesses the Agent would identify in response to a deposition request from the Defendants. Third, the Agent argues that he should be able to depose Ledbetter "before his crucial testimony **[*11]** may become educated by and tailored in response to the testimony of other witnesses and further discovery in the case." *Plan Administration Agent's Brief in Supp. of Providing First Priority Status to Depo. of Dale Ledbetter,* P 17, p. 9.

The BBC Defendants request that before any of the Defendants are deposed, either (i) the Agent be required to produce a witness (or witnesses) under *Rule 30(b)(6)*); or (ii) that they be permitted to depose those persons who provided the information upon which the Agent relies in making his allegations against the Defendants. The BBC Defendants contend that the Complaint contains only conclusory allegations which do not provide fair notice of the operative facts upon which the claims are based, and that the Agent's responses to interrogatories propounded by the Banks Defendants merely listed general categories of trade secrets that were allegedly misappropriated and provided no specific information. The BBC Defendants further contend that

---

designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. The subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

they are entitled to notice of the facts upon which the Agent relies, and the fact that the Agent is asserting these claims in a representative capacity should not operate to deprive the Defendants of the notice **[*12]** to which they are entitled. In addition, the BBC Defendants contend that the Agent's desire to gain strategic advantage by deposing Ledbetter first is an insufficient basis upon which to provide the Agent with priority in taking Ledbetter's deposition. The BBC Defendants point out that at a March 24, 2003 status conference, the Agent indicated that he had interviewed five fact witnesses during his investigation of the claims, and the BBC Defendants request that they be permitted to depose one or more of these five witnesses or that the Agent be compelled to produce a witness under *Rule 30(b)(6)* before Ledbetter is deposed. To that end, the BBC Defendants propose to submit a *Rule 30(b)(6)* deposition notice together with a list of topics upon which they wish to depose the witnesses, and ask that the Agent be required to identify who from those five persons can testify on those topics (if the Agent has no corporate representative to testify on those topics) before Ledbetter is required to appear. The BBC Defendants further point out that counsel for the Banks Defendants informally requested a *Rule 30(b)(6)* deposition in November, 2002 prior to issuance of the Agent's formal deposition **[*13]** notice.

The Banks Defendants similarly assert that the Complaint contains "garden variety claims of unfair competition" and that the Agent's responses to written discovery have thus far disclaimed personal knowledge and have failed to illuminate the factual bases for his claims. The Banks Defendants seek priority to depose the Agent's designated witness under *Rule 30(b)(6)* because "plaintiff's protracted attempts to stave off its agent's deposition is itself contrary to *Rule 26*." *Banks Mem. in Supp. of Request for Scheduling Order Regarding Deposition Sequence,* p. 3. The Banks Defendants point out that they requested such a deposition back in November, 2002 but that the Committee (the Agent's predecessor plaintiff) refused to provide available dates for the deposition of a witness knowledgeable about the factual allegations. Citing *Warning Lites Co. v. Leggitt, 32 F.R.D. 431 (W.D. Tex. 1963)*, the Banks Defendants urge that their informal request in November, 2002 is entitled to be treated as the first-noticed deposition. The Banks Defendants contend that in light of the five-month gap between its informal efforts to arrange the deposition of a knowledgeable representative **[*14]** of the plaintiff, any priority given the Ledbetter deposition would further postpone Defendants' discovery and frustrate the purpose of *Rule 26*. The Banks Defendants point out that the Agent has failed to move for a protective order in response to their informal request for a *Rule 30(b)(6)* deposition and that unless and until there is discovery on the nature of and evidence supporting plaintiff's claims, none of the Defendants can adequately prepare a defense. Lastly, the Banks Defendants contend that the Agent's request for deposition priority is an admitted and improper attempt at securing a tactical advantage.

The Agent responds that the Complaint provides the Defendants with ample information regarding the nature of the Agent's claims. The Agent argues that the Complaint contains facts concerning (i) the Debtors' historical performance, (ii) the relationship between the distribution group and New NGC, (iii) the Debtors' plan for restructuring their businesses, (iv) the Debtors' relationship with Banks Corporation, (v) Hardin and Ledbetter's conduct in support of creating a competing distribution enterprise, (vi) facts regarding a discussion between Ledbetter and the former Chief **[*15]** Financial Officer of the Debtors, (vii) the circumstances surrounding the resignations of Hardin and Ledbetter, and (viii) the formation of BBC. The Agent points out that the BBC Defendants failed to request a *Rule 30(b)(6)* deposition until after the Agent properly noticed Ledbetter's deposition. As to the informal e-mail request by the Banks Defendants for a *Rule 30(b)(6)* deposition, the Agent contends that the Banks Defendants' request was legally insufficient because, among other things, they failed to transmit a list of topics subject to their request and never issued a formal deposition notice. Since the Banks Defendants failed to identify any topics upon which a deposition was sought, the Agent contends that the informal request was insufficient to trigger any responsibility to designate witnesses. As to his failure to move for a protective order, the Agent asserts that in the absence of a proper notice of a *Rule 30(b)(6)* deposition, any such motion would be premature. Moreover, according to the Agent, after the Committee responded to the Banks Defendants' e-mail request (by reminding the Banks Defendants that it had neither current nor historical personal knowledge regarding **[*16]** the factual allegations in the Complaint and that it did not exercise control over those who did), the Banks Defendants dropped their request and elected not to renew it until after the Agent noticed Ledbetter's deposition. The Agent disputes that he has been delaying discovery and claims to be prepared to take Ledbetter's deposition immediately. Finally, the Agent asserts that because the Defendants are asking the Court to grant them priority to depose an unidentified number of witnesses and seek such priority

to the exclusion of any depositions sought by the Agent, and because *Rule 26(d)* is designed to prevent unilateral control with regard to discovery, its purpose would be frustrated by granting the Defendants' requests.

**Legal Analysis**

**HN4**[↑] *Rule 26(d) of the Federal Rules of Civil Procedure*, made applicable here by *Bankruptcy Rule 7026*, provides:

> (d) Timing and Sequence of Discovery. Except in categories of proceedings exempted from initial disclosure under *Rule 26(a)(1)(E)*, or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by *Rule 26(f)*. Unless **[*17]** the court upon motion, for the convenience of parties and witnesses and in the interest of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery.

**HN5**[↑] Prior to 1970, priority in taking depositions normally went to the party to first serve a notice of deposition, absent a compelling reason to depart from that rule. *Occidental Chem. Corp. v. OHM Remediation Servs., 168 F.R.D. 13, 14 (W.D.N.Y. 1996)*. However, the 1970 amendment to *Rule 26(d)* abolished that rule and vested authority to order the sequence of discovery with the court in its discretion. [5] *Id.; Cruden v. Bank of New York, 957 F.2d 961, 972 (2d Cir. 1992); Meisch v. Fifth Transoceanic Shipping Co., 1994 U.S. Dist. LEXIS 14995, No. 94CV0683, 1994 WL 582960 (S.D.N.Y. Oct. 21, 1994)*. Thus, in resolving this dispute, the Court gives little weight to who noticed the first deposition.

**[*18]** Moreover, neither side has made a particularly compelling showing directed to either "the convenience of parties and witnesses" or "the interest of justice" in order for the Court, in its discretion, to direct the sequence of discovery. However, on balance, the Court believes that the factors which militate in favor of according priority to the Agent's request to depose Ledbetter first outweigh those which militate against it.

In coming to this conclusion, the Court is mindful of the Agent's unique position in this lawsuit. The Agent, as successor to a statutorily-created artificial entity, which was itself prosecuting the action in a representative capacity on behalf of the Debtors' estates, is in the unenviable position of being charged with a fiduciary obligation to prosecute the lawsuit premised upon facts of which he has no personal knowledge. The most knowledgeable fact witnesses are not within his control and are undeniably adverse to him - they are the Defendant former officers of the Debtors. The Agent has every reason to need such critical testimony at the earliest possible date and is prepared to take Ledbetter's deposition immediately.

For the same reason, the Court **[*19]** is not persuaded that the Agent is improperly attempting to gain an unfair advantage by seeking to prioritize the Ledbetter deposition. This case is unlike *Mill-Run Tours, Inc. v. Khashoggi, 124 F.R.D. 547 (S.D.N.Y. 1989)*, relied upon by the BBC Defendants, where the plaintiff unilaterally decided to halt discovery in retaliation for the defendant's motion for a protective order, refused to produce its witness pending resolution of the defendant's motion, and thereafter filed its own motion for a protective order seeking to prevent the deposition of its witness until the defendant's witnesses were deposed. The *Mill-Run Tours* court concluded that the plaintiff's motion for protective order was meritless, since it was interposed solely for strategic purposes.

The Court is also not persuaded by Defendants' contention that the Agent is seeking to stave off

---

[5] If who noticed the first deposition was controlling, the Court would consider more fully the Banks Defendants' informal e-mail request for a *Rule 30(b)(6)* deposition. As Chief District Judge Spears noted in *Warning Lites Co. v. Leggitt 32 F.R.D. 431, 433 (W.D. Tx. 1963)* (decided prior to the amendment of **Rule 26(d)**), "it is an accepted practice in this district for attorneys to make an effort to agree among themselves for the taking of depositions before resorting to the giving of formal notice. This enables them to make arrangements that will suit the convenience of all interested persons. It is a very commendable procedure … In determining, therefore, the order in which depositions are to be taken when this practice is followed, the party who through his attorney in good faith informally demands the taking of a deposition, is entitled to the same priority a formal notice served at the same time would have given him, unless, or course, special circumstances requiring variance of this rule are shown to exist." However, the Court notes that the Agent would have been hard-pressed to designate a witness in response to the e-mail request which did not identify, with "reasonable particularity," the topics upon which such an examination would be sought.

discovery for purposes of delay. If any party is attempting to delay, the facts appear to support the contrary conclusion. Prior to this discovery dispute, the BBC Defendants had not even *requested,* formally or informally, any depositions of fact witnesses. While the Banks Defendants requested a Rule 30(b)(6) **[*20]** deposition informally back in November, 2002 they did so half-heartedly; they did not specify any areas of inquiry upon which examinations were sought and did not bring the dispute before the Court for intervention, though they now allege that they were unsatisfied with the Committee's response. If anyone is seeking to delay, it appears to be the Defendants.

Nor is the Court persuaded by the Defendants' contention that the Complaint fails to state sufficient facts to give them notice of the claims being asserted against them. The Court has read the Complaint and understands what is alleged to have occurred. Whether the evidence will substantiate the Agent's claims is unknown. However, as the parties largely knowledgeable about the circumstances surrounding their resignations as officers of the Debtors and the formation of BBC, the Defendants are well aware of the relevant facts.

As noted previously, the BBC Defendants ask that they be permitted to depose those persons who provided the information upon which the Committee (and now the Agent) relied in deciding to pursue these claims and in making the allegations set forth in the Complaint, and they point out that the Agent has identified **[*21]** five witnesses which he has interviewed in detail. The BBC Defendants propose to submit a Rule 30(b)(6) deposition notice together with a list of topics upon which they wish to depose the Agent's witnesses, and ask that the Agent be required to identify who from those five persons can testify on those topics (if the Agent has no corporate representative to testify on those topics) before Ledbetter is required to appear for deposition.

The Court seriously considered imposing a requirement that the Agent identify the person whose personal knowledge was most relied upon by the Committee in deciding to seek authority to file suit against the Defendants. Once identified, that person could be produced by the Agent, or compelled to appear by subpoena, for deposition. However, for the reasons explained more fully below, the Court concluded that imposing such a requirement would not materially advance the Defendants' understanding of the claims asserted against them or the litigation.

First, Rule 30(b)(6) applies awkwardly, if at all, to the Agent. HN6[↑] Rule 30(b)(6) allows a party to name as a deponent "a public or private corporation or a partnership or association or governmental agency." Fed. **[*22]** R. Civ. P. 30(b)(6). Provided the party seeking the deposition describes with "reasonable particularity the matters on which examination is requested," the "organization" must designate "one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf" to testify in response to the notice. *Id.*

In the ordinary case, an "organization" cannot avoid its obligation to designate a witness by pleading that no individual employee possesses specific, personal knowledge. *Poseidon Oil Pipeline Co. v. Transocean Sedco Forex, Inc., 2002 U.S. Dist. LEXIS 15750, No. A-00-760, 2002 WL 1919797 (E.D. La. Aug. 20, 2002)*. Rather, if no employees are able to provide testimony on the matters specified in the notice, then the organization must prepare a designated witness to address the noticed topics as well as it can with pertinent information reasonably available to the organization. *See 2002 U.S. Dist. LEXIS 15750, [WL] at *3*. However, an organization does not have to produce a designee who is no longer in its employ as an officer, director or managing agent. *See Frasier v. Twentieth Century Fox-Film Corp., 22 F.R.D. 194, 197 (D. Neb. 1958)*. For a Rule 30(b)(6) deposition to **[*23]** operate effectively, the deposing party must designate the areas of inquiry with reasonable particularity and the organization must adequately prepare witnesses to address these areas. *United States v. Taylor, 166 F.R.D. 356, 359-60 (M.D.N.C.)*, aff'd *166 F.R.D. 367 (M.D.N.C. 1996)*; *Protective Nat'l Ins. Co. of Omaha v. Commonwealth Ins. Co., 137 F.R.D. 267 (D. Neb. 1989)*.

HN7[↑] Because one of the characteristics of corporate existence is perpetual life, it is possible that employees with personal knowledge about specific matters may have died or left the corporation's employ. In that case, the corporation is still obligated to prepare a designee for a Rule 30(b)(6) examination using information available to it from documents, past employees, or other sources. *Taylor, 166 F.R.D. at 361*. However, the rule presupposes the continued existence of the corporation.

Here, the original corporations (the Debtors) have been liquidated. Their assets are gone; their employees have scattered to the winds. The Agent is two steps removed from the witnesses with personal knowledge of the relevant facts. The Agent was appointed as the

"representative" **[*24]** of the Debtors' estates in accordance with section 1123(b)(3)(B) of the Bankruptcy Code under the now confirmed plan of liquidation for the Debtors, and was authorized in such plan to enforce claims of the Debtors against third parties, including the claims set forth in the Complaint. The Agent is an individual without personal knowledge of any of the facts at issue in the Complaint.

Similarly, the Committee, as the Agent's predecessor plaintiff, is an entity that exists only as a matter of federal bankruptcy law, and only in the context of Chapter 11 cases. Pan Am Corp. v. Delta Airlines, Inc., 175 B.R. 438, 513 (S.D.N.Y. 1994). While it existed during the pendency of the Debtors' cases, its members were unsecured creditors of the Debtors who had no personal knowledge of the facts at issue in the Complaint.

In short, if the Agent is an "organization" to whom Rule 30(b)(6) applies, he does not control any person with personal knowledge of the facts at issue in the Complaint. Whether there would be "other persons who consent to testify" on his behalf is unclear on this record. However, based upon the representations of the Agent's counsel, the Court believes that **[*25]** no former officer or employee of the Debtors would appear at a deposition without the issuance of a subpoena compelling his attendance.

Second, based upon the various hearings and status conferences that the Court has had with the parties, the Court believes that the Committee's initial decision to seek authority to pursue these claims on behalf of the Debtors' estates resulted more from the circumstances surrounding the departure of Ledbetter and Hardin and the formation of BBC than any direct factual evidence provided by a then employee of the Debtors.

Third, the Court understands that there is documentary evidence -- *i.e.,* e-mails recovered from the hard drives of Ledbetter's and Hardin's computers at Kevco -- that the Agent contends supports his conclusion that there are valid claims against the Defendants. The Court understands that these documents either have been, or will be, produced to the Defendants before Ledbetter's deposition is taken. The production of these documents prior to Ledbetter's deposition will allow him to refresh his recollection about the events addressed in the documents so that he can be prepared to answer the Agent's questions.

Finally, for the **[*26]** reasons stated previously, the Court does not believe that the Defendants will be prejudiced by producing Ledbetter for deposition prior to the time that they depose other former officers or employees of the Debtors, whether by Rule 30(b)(6) deposition notice to the Agent or by subpoena issued by the Defendants themselves. *See* pp. 10 - 11, *supra.*

For these reasons, the Court concludes that the first deposition taken in this case shall be the Agent's deposition of Ledbetter. An Order consistent with this Memorandum Opinion will be entered separately.

**Signed: May 29, 2003.**

**Barbara J. Houser**

**United States Bankruptcy Judge**

---

**End of Document**