UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

CYNTHIA FRISBIE                                    CASE NO.  2:21-CV-03658 LEAD
                                                   C/W  2:22-2741
VERSUS                                             JUDGE JAMES D. CAIN, JR.

STATE FARM FIRE & CASUALTY CO          MAGISTRATE JUDGE KAY

<u>MEMORANDUM RULING AND ORDER</u>

Before the Court are two (2) motions: (1) "State Farms' Motion for Partial Summary Judgment on Cat 5's Bad Faith Claims" (Doc. 33) and, (2) "State Farm's Motion for Protective Order and Motion for Order on Sequence of Depositions" (Doc. 31)  wherein State Farm moves for a protective order to (1) limit the topics in a 30(b)(6) deposition, and (2) allow State Farm to depose Plaintiffs, Cat 5 Pro., LLC ("Cat 5") before Cat 5 deposes State Farm's 30(b)(6) representative.

<u>FACTUAL STATEMENT</u>

State Farm issued a homeowner policy to Cynthia Frisbie, which was damaged by Hurricane Laura. On October 23, 2023, Plaintiff, Cat 5 signed a contract with Frisbie to perform remediation work at her home. The contract assigns the following rights from Frisbie to Cat 5;

**Assignment of Insurance Claim Benefits.** Client hereby assigns to CAT 5 any and all insurance rights, benefits, and proceeds which pertain to services rendered in relation to the above loss, under any applicable policy of insurance whether listed on this contract or not.  This assignment of rights, benefits and proceeds is limited to the amount of CAT 5's invoice for services rendered in relation to the above claim right and ability to collect same directly from my insurer, including the right to file suit and to seek attorney's fees and court costs. Client hereby waves any homestead exemption which might be applicable to such insurance funds.  Any and all

other insurance rights, benefits, and proceeds shall continue to belong to the Client. [1]

The dispute between State Farm and Cat 5 involves the above assignment of benefits from State Farm's policy holder, Cynthia Frisbie, to Cat 5. Cat 5 seeks to collect from State Farm the remaining balance of an outstanding Cat 5 water mitigation invoice. Cat 5 remarks that $69,625.67 is still owed on the original invoice. Cat 5 also seeks statutory bad faith penalties pursuant to Louisiana Revised Statutes §§ 22:1892 and 22:1973.

This Court consolidated the Frisbie versus State Farm case with the Cat 5 versus State Farm case because both were related to Plaintiff's alleged underpaid contract damages caused by Hurricanes Laura and Delta. State Farm alleges that Cat 5 performed unnecessary work and thus disputes the remaining balance of the invoice.

<u>**SUMMARY JUDGMENT STANDARD**</u>

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial."

---

[1] Doc. 1-1, p. 1.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

In its Motion for Partial Summary Judgment, State Farm moves to dismiss Cat 5's bad faith claims. State Farm maintains that the assignment expressly does not assign the homeowner's bad faith claim to Cat 5, and the assignment of a bad faith claim must be specific because the claim is distinct from the contractual claim for insurance benefits.

State Farm argues that Cat 5 acquired only those rights possessed by Plaintiff at the time of the assignment citing *Conerly Corp. v. Regions Bank*, 668 F.Supp.2d 816, 823 (E.D. La. 2009).

State Farm contends that at the time of the assignment, the bad faith claims did not exist because the remediation work had not yet started, and Cat 5 could not have requested payment from State Farm. State Farm argues that Frisbie did not assign any statutory bad faith claims to Cat 5. Cat 5 remarks that there is an issue of fact as to when the assignment was signed, October 2, 2020, or October 23, 2020, which Cat 5 suggests is critical because of the analysis as to whether bad faith penalties accrued at the time of the assignment. Cat 5 argues that its post-loss assignment is valid and enforceable, despite an anti-assignment clause in the policy.

Cat 5 maintains that as the assignee, it acquired the rights possessed by the assignor (Plaintiff) at the time of the assignment, citing *Del-Remy Corp. v. Lafayette Ins. Co.*, 616 So.2d 231, 233 (La. Ct. App. 1993). Thus, Cat 5 argues that it was assigned any and all insurance rights, benefits, and proceeds under the clear and explicit reading of the assignment. Additionally, Cat 5 maintains that a claim for bad faith breach of contract is assignable along with its other contract rights. See *In re Katrina Canal Breaches Consol. Litig.*, 601 F.Supp.2d 809, 822 n. 9 (E.D. La. 2009) (observing that in a majority of American jurisdictions, bad faith as well as claims for punitive damages, counsel fees, and interest are assignable).

Cat 5 argues further that even though the bad faith claim did not exist at the time of the assignment, it held the right to make a claim for bad faith against Defendant, State Farm, at the time of the assignment.  In other words, Cat 5 posits that the claim does not need to accrue for the right to exist. Consequently, when State Farm failed to tender monies

owed to Cat 5 within the statutory timeline, it was subject to penalties under Louisiana Revised Statutes 22:1892 and 22:1973.

Cat 5 argues that the bad faith claims accrued at various points: (1) On September 19, 2020, State Farm conducted its inspection, so Cat 5 contends that the claim accrued 30 days thereafter; and/or (2) On February 12, 2021, when State Farm received satisfactory proof of loss from Cat 5. Cat 5 notes that the September accrual was prior to when the assignment was made. Cat 5 contends that the contract assigned both claims and rights under the policy and that the right leads to the ability to bring a claim for bad faith.

State Farm posits correctly, that the Court must look to the language of the contract. The contract between Cat 5 and Frisbie assigned her "rights . . . under any applicable policy of insurance" but expressly reserved to Frisbie "[a]ny and all other insurance rights."[2] State Farm argues that this assignment language refers only to rights under the insurance policy itself, but not any rights related to insurances (statutory penalties). State Farm relies on a previous ruling by this Court wherein we explained that there is a difference between rights under an insurance policy and rights to bring a statutory bad faith claim, further noting that the latter is an extra-contractual right under a statute.  See also *Disaster Relief Servs. Of N. Carolina, LLC v. Mut. Cas. Ins.* Co., 2009 WL 935963, at *6 (W.D. La. Apr. 6, 2009) ("[P]ursuant to Louisiana law concerning obligations and assignment, any assignment of rights of action under La. R.S. 22:658 and 22:1220 must be expressly provided for in the act of assignment."). Thus, Frisbie would have had to expressly assign these extra-

---

[2] Doc. 1-1, p.1, consolidated Civil Action 2:22-2741.

contractual rights. Here, the assignment does not expressly assign these extra-contractual rights. The Court will grant State Farm's Motion for Partial Dismissal on Plaintiff, Cat 5's bad faith claim.

*Motion for Protective Order*

State Farm complains that Cat 5's topics to be discussed at the 30(b)(6) deposition seek sweeping institutional discovery from State Farm that far exceeds the narrow dispute between Cat 5 and State Farm.  Plaintiff Frisbie has informed State Farm that she does not intend to depose State Farm's 30(b)(6) representative. Thus, State Farm seeks to limit the topics and documents requests to only those related to the specific dispute between Cat 5 and State Farm. State Farm also specifically moves to exclude Topic 10 as it relates to reserves and Topics 4, 5, 7, 9, 15, 19, and 23 because they are overbroad, vague and irrelevant.

*State Farm's limited discovery request*

The parties have conducted the necessary Rule 37 conference, and Cat 5 does not agree to limit its testimony topics or document requests. State Farm desires to limit the topics to only those that involve State Farm's institutional policies and procedures in place at the time of Hurricanes Laura and Delta that relate specifically to the adjustment of mitigation damages.

Under Federal Rule of Civil Procedure 26(c), the Court may for "good cause" issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or

allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." Fed. R. Civ. P. 26(c)(1).

In determining whether a protective order is warranted, courts in the Fifth Circuit are instructed to weigh the hardship to the party from whom discovery is sought against the probative value of the information to the other party. *See, e.g.*, *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990) ("Discovery is not justified when cost and inconvenience will be its sole result").

Cat 5 asserts that it intends to question the State Farm representative as to the metric it uses to pay contractor invoices.  Cat 5 remarks that State Farm has been able to settle three (3) other matters related Cat 5's Hurricane Laura and Delta claims, but Cat 5 does not understand State Farm's metric that was used to settle those claims. Cat 5 contends it is necessary to discover State Farm's claim handling practices back to year 2017 to understand how State Farm handles contractor related claims as a national insurance company.

First, the Court has concluded that Cat 5's bad faith claim will be dismissed because the assignment from Frisbie to Cat 5 did not expressly assign any bad faith claim. This Court has consistently held that reserve information is relevant to a bad faith claim. However, because the bad faith claim is being dismissed, any inquiry as to reserve information is irrelevant.   To that extent, the Court will grant State Farm's motion to exclude any inquiry as to Topic 10.

Next, State Farm moves to limit the 30(b)(6) deposition of State Farm as it relates to the unpaid invoice.  It appears that Cat 5 is seeking to inquire as to State Farm's claims handling process for all first and third-party property damage claims. The Court will permit Cat 5 to inquire as to the claims handling process, but only as it pertains to State Farm's decision regarding payment, or the non-payment of the original entire invoice submitted by Cat 5 for payment for the mitigation work it performed for Plaintiff, Frisbie.

State Farm also seeks a protective order as to the time period Cat 5 is seeking to inquire about as well as documents it requests that State Farm produce.  State Farm remarks that Cat 5 intends to make inquiries and seek documents at the 30(b)6) deposition that relate back to 2017. State Farm argues that these inquiries and document requests are irrelevant to Cat 5's claim for the unpaid invoice. State Farm also moves to limit other topics (Topics 4, 5, 7, 9, 15, 19, and 23) that it argues are overly broad, vague, and/or not relevant.  The Court agrees and will grant State Farm's request to limit the deposition and document requests to non-privileged information that is relevant for the time period in which State Farm handled the relevant unpaid invoice.

*Priority of depositions*

State Farm also contends that because Cat 5 has the burden of proof at trial, that State Farm should be allowed to depose the Cat 5 Rule 30(b)(6) representative prior to Cat 5 deposing State Farm's Rule 30(b)(6) representative. Rule 26(d)(3)(a)-(b) of the Federal Rules of Civil Procedure provides as follows:

> **(d) Timing and Sequence of Discovery.**
>
>                     ***
>
>     **(3)** *Sequence.* Unless the parties stipulate or the court orders otherwise for the parties' witnesses' convenience and in the interests of justice:
>         **(A)** methods of discovery may be used in any sequence; and
>         **(B)** discovery by one party does not require any other party to delay its discovery.

State Farm argues that because Cat 5 will have the burden of proof at trial, State Farm should be permitted to depose Cat 5 first, citing *Golla v. City of Bossier City,* 2007 WL 2253416 (W.D. La. 2007).

However, Cat 5 argues that the Court may order that discovery occur in a particular sequence only when the moving party makes a showing that a particular sequence is for the convenience of the witnesses and in the interest of justice. *Rinehart v. Nat'l Oilwell Varco L.P.,* 2016 WL 11686641, at *1 (E.D. La. May 9, 2016), and "there is no general rule that a plaintiff should be deposed first simply because they bear the burden of proof at trial or initiated the lawsuit, . . ." *Blackmon Bracken Constr. Co., Ind.*, 2020 WL 6065520, at *4 (M.D. La. Oct. 14, 2020).

The Court finds that State Farm has not shown good cause as to why this Court should order the sequencing of depositions.

## **CONCLUSION**

For the reasons explained herein, the Court will grant State Farm's Motion for Partial Summary Judgment and dismiss Plaintiff, Cat 5's bad faith claims.

**IT IS FURTHER ORDERED**  that the Court **GRANTS** State Farm's Motion for Protective Order to the extent that any reserve information will be excluded, and the State Farm Rule 30(b)(6) deposition and document request will be limited to non-privileged information that is relevant in scope and for the time period in which State Farm handled the unpaid invoice; the Court **DENIES** State Farm's request to order the sequence of depositions.

**THUS DONE AND SIGNED** in Chambers on this 26th day of September, 2023.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**