UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CYNTHIA FRISBIE** | **CASE NO.  2:21-CV-03658 LEAD**<br>**c/w 2:23-1703 (Member)**<br>**c/w 2:22-2741 (Member)** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "State Farm's Motion to Dismiss" (Doc. 83) wherein the mover seeks to dismiss all claims brought against it by Plaintiff, Cat 5 Pro LLC in Civil Action No. 2:23-1703.

## INTRODUCTION

This suit arises from Hurricane Laura and Hurricane Delta damage to a residence at 3321 Landfair Street, Lake Charles, Louisiana. The residence is owned by the estate of Bobby Shelton and was insured at all relevant times under a policy issued by State Farm. Cynthia Frisbie, as executor of the estate, filed suit in this Court on October 16, 2021, alleging that State Farm failed to timely or adequately pay for covered losses under the policy. *Frisbie v. State Farm Fire & Cas. Co*., No. 2:21-cv-3658 (W.D. La.).[1] On August 16, 2022, with the Frisbie suit still pending, Cat 5 Pro LLC ("Cat 5") filed suit against State Farm in this Court based on mitigation work it did at the Shelton residence. *Cat 5 Pro LLC v. State Farm Fire & Cas. Co.*, No. 2:22-cv-2741 (W.D. La.).[2] Cat 5 alleged that Ms.

---
[1] Doc. 1.
[2] *Id.*

Frisbie had assigned her rights under the policy to Cat 5, and that it was still owed $69,625.27 (taking into account a payment of $16,657.42) from State Farm in unpaid invoices for the work it completed at the property.[3] Accordingly, it raised claims of breach of contract and bad faith under Louisiana law.

The two suits proceeded through the Case Management Order for first-party hurricane claims but did not resolve. They were consolidated at State Farm's motion and have been set for jury trial before the undersigned on January 29, 2024.[4] On September 26, 2023, the undersigned dismissed Cat 5's bad faith claims on the grounds that these had not been validly assigned by Ms. Frisbie.[5] On November 17, 2023, Cat 5 filed suit against State Farm in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana.[6] There it raised breach of good faith and fair dealing, breach of contract, detrimental reliance, and fraud claims under Louisiana law against the insurer based on the $69,625.27 in unpaid invoices for its work on the property at 3321 Landfair Street. It also asserted that the amount in controversy "does not exceed $75,000."[7]

State Farm removed the suit to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Plaintiff filed a Motion to Remand,[8] which this Court denied.[9] State Farm now moves to dismiss the following claims asserted by Cat 5 in the second member suit

---

[3] *Id.*
[4] *Frisbie*, No. 2:21-cv-3658, at doc. 30.
[5] Docs. 43, 44.
[6] Doc. 1, att. 1.
[7] *Id.* at 1.
[8] Doc. 8.
[9] Docs. 14 and 15.

Civil Action 2:23-1703: breach of contract, bad faith, detrimental reliance, breach of good faith and fair dealing, unjust enrichment, and fraud.

## LAW AND ANALYSIS

*Breach of contract*

State Farm moves to dismiss Plaintiffs' breach of contract claim in Civil action 2:23-1703. State Farm argues that under the "first-to-file-rule," *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999), Cat 5 may not bring the same claim against a defendant in two different lawsuits. The purpose of the rule is to avoid the waste of duplication, rulings which may trench upon the authority of sister courts, and piecemeal resolution of issues that call for a uniform result. *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985).

However, these cases have been consolidated, and there is no concern as to duplication, sister court rulings, or piecemeal resolution. The Court notes that this motion was filed past the dispositive motion deadline of November 30, 2023, and that State Farm additionally requested expedited consideration of the Motion, with a pending January 29, 2024 trial date. The Court is also cognizant of Plaintiff counsel's strategy in filing the state court suit removed to this Court on December 1, 2023, which put State Farm at a disadvantage concerning the dispositive motion deadline. The Court finds that having two breach of contract claims as to the same cause of action is redundant, duplicative and unnecessary. As such, the breach of contract claim in 2:23-1703 will be dismissed, leaving intact the breach of contract claim in 2:21-3658.

*Breach of good faith and fair dealing, fraud, detrimental reliance, and unjust enrichment*

As to this claim State Farm complains that Cat 5 filed the state court lawsuit to circumvent this Court's Scheduling Order. Here, the Scheduling Order set a deadline October 31, 2023, to amend the complaint. After the deadline passed, on November 17, 2023, Plaintiff e-filed the state court lawsuit, which asserted the additional claims of breach of good faith and fair dealing, fraud, detrimental reliance, and unjust enrichment.[10] Had Plaintiff followed this Court's deadlines set forth in the Scheduling Order, it could have filed a motion for leave to amend the complaint and added these additional claims. Plaintiff chose not to do so, and now seeks to be rewarded by filing the Petition for Damages in state court and asserting these claims that could have been asserted in this lead case.

A party is not allowed to "simply ignore a court's Scheduling Order deadlines with impunity." *Coupled Products, LLC v. Nobel Auto. Mexico, LLC*, 2010 WL 2035829, at *2 (W.D. La. May 14, 2010). The Court will not allow a plaintiff to use an incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules or deadlines for amending complaints. *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985) ("When a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint may be dismissed," and a "district court must ensure that the plaintiff does not use the incorrect procedure of filing duplicative complaints to expand the procedural rights he would otherwise enjoy—particularly for the purpose of circumventing the rules pertaining to the amendment of complaints.")

---

[10] Doc. 1-1, Civil Action 2:23-1703, *Cat 5 Pro, LLC v. State Farm Fire and Casualty Company.*

This Court has the power to reject a new cause of action asserted after the deadline in a Scheduling Order because, under Federal Rule of Civil Procedure 16(b), those deadlines can be changed only for good cause and with the district court's consent. *Bennett v. Consol. Gravity Drainage Dist. No. 1*, 648 F. App'x 425, 428 (5th Cir. 2016). To establish "good cause," a party must show that the deadline could not reasonably have been met despite the due diligence of the party that violated the deadline. *Id*. at 428-29. The Court notes that the facts alleged in 2:23-1703 as the same facts that are alleged in this lawsuit. As argued by State Farm, Cat 5 has failed to argue or assert that it exercised due diligence and/or it was impossible for Cat 5 to file a motion to amend by October 31, 2023.[11]

## CONCLUSION

For the reasons explained herein, the Court will grant State Farm's Motion to Dismiss (Doc. 83) Civil Action 2:23-1703.

**THUS DONE AND SIGNED** in Chambers on this 8th day of January, 2024.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**

---

[11] See Doc. 11 in Civil action 2:22-2741 and Doc. 30 in this action.