UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CYNTHIA FRISBIE** | **CASE NO. 2:21-CV-03658 LEAD**<br>**c/w 2:22-2741 (MEMBER)** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is "State Farm's Motion *In Limine* to Exclude (1) any reference to the Term "Bad Faith" and/or State Farm's Claim Handling and Practices, 2) Other Claims and 3) Any Reference to the Insurance Industry's Claim Handling in the Region" (Doc. 88).

## INTRODUCTION

This suit arises from Hurricane Laura and Hurricane Delta damage to a residence at 3321 Landfair Street, Lake Charles, Louisiana. The residence is owned by the estate of Bobby Shelton and was insured at all relevant times under a policy issued by State Farm. Cynthia Frisbie, as executor of the estate, filed suit in this Court on October 16, 2021, alleging that State Farm failed to timely or adequately pay for covered losses under the policy. *Frisbie v. State Farm Fire & Cas. Co.*, No. 2:21-cv-3658 (W.D. La.).[1] On August 16, 2022, with the Frisbie suit still pending, Cat 5 Pro LLC ("Cat 5") filed suit against State Farm in this Court based on mitigation work it did at the Shelton residence. *Cat 5 Pro LLC*

---

[1] Doc. 1.

*v. State Farm Fire & Cas. Co.*, No. 2:22-cv-2741 (W.D. La.).[2] Cat 5 alleged that Ms. Frisbie had assigned her rights under the policy to Cat 5, and that it was still owed $69,625.27 (taking into account a payment of $16,657.42) from State Farm in unpaid invoices for the work it completed at the property.[3] Accordingly, it raised claims of breach of contract and bad faith under Louisiana law.

The two suits proceeded through the Case Management Order for first-party hurricane claims but did not resolve. They were consolidated at State Farm's motion and have been set for jury trial before the undersigned on January 29, 2024.[4] On September 26, 2023, the undersigned dismissed Cat 5's bad faith claims on the grounds that these had not been validly assigned by Ms. Frisbie.[5] On November 17, 2023, Cat 5 filed suit against State Farm in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana.[6] There it raised breach of good faith and fair dealing, breach of contract, detrimental reliance, and fraud claims under Louisiana law against the insurer based on the $69,625.27 in unpaid invoices for its work on the property at 3321 Landfair Street. It also asserted that the amount in controversy "does not exceed $75,000."[7]

---

[2] *Id.*
[3] *Id.*
[4] *Frisbie*, No. 2:21-cv-3658, at doc. 30.
[5] Docs. 43, 44.
[6] Doc. 1, att. 1.
[7] *Id*. at 1.

State Farm removed the suit to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Plaintiff filed a Motion to Remand,[8] which this Court denied.[9] State Farm then filed a Motion to Dismiss the state filed removed suit, which this Court granted.[10]

## LAW AND ANALYSIS

State Farm argues that because the Court has already dismissed the bad faith claim, any evidence, testimony, reference to or mention to the jury of the term "bad faith" and/or State Farm's claims handling (including its written practices and procedures) is not relevant and can only be prejudicial to State Farm as it infers a potential to penalize State Farm. As to any testimony, argument, or introduction of evidence related to State Farm's and/or the insurance industry's claim handling in the region, State Farm argues that such is irrelevant and unfairly prejudicial to State Farm.

Defendant Cat 5 maintains that the entire basis of this litigation is over whether State Farm correctly adjusted the invoice, and that State Farm attempts to conflate "bad faith" as a term of art that can only be used to refer to the actions which govern Louisiana Revised Statutes 22:1973 and 22:1892. Cat 5 argues that State Farm acted in bad faith as to the adjustment of its invoice. Cat 5 informs the Court that it is not going to present an argument regarding its entitlement to penalties and attorney's fees under Louisiana Revised Statutes 22:1973 and 22:1892. However, it argues that it is entitled to introduce a timeline of events as to the adjustment of Cat 5's invoice. Considering that this case now involves a breach of contract concerning the disputed unpaid invoice amount, the Court will grant State

---

[8] Doc. 8.
[9] Docs. 14 and 15.
[10] Doc. 106.

Farm's Motion in Limine and prohibit any mention, evidence, argument or testimony of bad faith.

**IT IS ORDERED** that the State Farm's Motion *In Limine* to Exclude (1) any reference to the Term "Bad Faith" and/or State Farm's Claim Handling and Practices, 2) Other Claims and 3) Any Reference to the Insurance Industry's Claim Handling in the Region (Doc. 88) is **GRANTED.**

**THUS DONE AND SIGNED** in Chambers on this 11th day of January, 2024.

*[Signature]*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**