UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CYNTHIA FRISBIE** | **CASE NO.  2:21-CV-03658 LEAD**<br>**c/w 2:22-2741 (MEMBER)** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is "Plaintiff Cat 5 Pro's Motion to Exclude the Reports and Testimony of Jonathan Palmer" (doc. 91).

## INTRODUCTION

This suit arises from Hurricane Laura and Hurricane Delta damage to a residence at 3321 Landfair Street, Lake Charles, Louisiana.  The residence is owned by the estate of Bobby Shelton and was insured at all relevant times under a policy issued by State Farm. Cynthia Frisbie, as executor of the estate, filed suit in this Court on October 16, 2021, alleging that State Farm failed to timely or adequately pay for covered losses under the policy. *Frisbie v. State Farm Fire & Cas. Co*., No. 2:21-cv-3658 (W.D. La.).[1] On August 16, 2022, with the Frisbie suit still pending, Cat 5 Pro LLC ("Cat 5") filed suit against State Farm in this Court based on mitigation work it did at the Shelton residence. *Cat 5 Pro LLC v. State Farm Fire & Cas. Co.*, No. 2:22-cv-2741 (W.D. La.).[2] Cat 5 alleged that Ms. Frisbie had assigned her rights under the policy to Cat 5, and that it was still owed

---

[1] Doc. 1.
[2] *Id.*

$69,625.27 (taking into account a payment of $16,657.42) from State Farm in unpaid invoices for the work it completed at the property.[3] Accordingly, it raised claims of breach of contract and bad faith under Louisiana law.

The two suits proceeded through the Case Management Order for first-party hurricane claims but did not resolve. They were consolidated at State Farm's motion and have been set for jury trial before the undersigned on January 29, 2024.[4] On September 26, 2023, the undersigned dismissed Cat 5's bad faith claims on the grounds that these had not been validly assigned by Ms. Frisbie.[5] On November 17, 2023, Cat 5 filed suit against State Farm in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana.[6] There it raised breach of good faith and fair dealing, breach of contract, detrimental reliance, and fraud claims under Louisiana law against the insurer based on the $69,625.27 in unpaid invoices for its work on the property at 3321 Landfair Street. It also asserted that the amount in controversy "does not exceed $75,000."[7]

State Farm removed the suit to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Plaintiff filed a Motion to Remand,[8] which this Court denied.[9] State Farm then filed a Motion to Dismiss the state filed removed suit, which this Court granted.[10]

---

[3] *Id.*
[4] *Frisbie*, No. 2:21-cv-3658, at doc. 30.
[5] Docs. 43, 44.
[6] Doc. 1, att. 1.
[7] *Id.* at 1.
[8] Doc. 8.
[9] Docs. 14 and 15.
[10] Doc. 106.

## LAW AND ANALYSIS

The trial court serves as gatekeeper in determining the admissibility of expert testimony, by making an initial determination of whether the expert's opinion is relevant and reliable. *See Daubert v. Merrill Dow Pharmaceuticals, Inc*., 509 U.S. 579, 589 (113 S.Ct. 2786 (1993). This gatekeeping function extends to all expert testimony, whether scientific or not. K*umho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Federal Rule of Evidence 702 provides that the court must consider the following three requirements on challenges to experts: 1) qualifications of the expert witness; 2) relevance of the proposed testimony; and 3) reliability of the principles and methodology on which the testimony is based.

Under Federal Rule of Evidence 702, "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." When expert testimony is challenged under *Daubert*, the burden of proof rests with the party seeking to present the testimony. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir.1998).

Cat 5 challenges Mr. Palmer's qualifications based on his alleged lack of sufficient certifications and licensure and his alleged inability to state his expert designation during his deposition. Cat 5 also argues that Mr. Palmer's report and opinions are unreliable

because his inspection was conducted 3 years post hurricanes. Mr. Palmers was retained by State Farm to opine as to the reasonableness of the disputed invoice that is the subject of this litigation.

State Farm asserts that Mr. Palmer has been a licensed building and residential contractor since 2017, with over 17 years of experience in construction. He obtains a post-baccalaureate certification from Louisiana State University in Construction Management and has managed construction projects ranging from small complex residential projects to large commercial projects. Since 2019, he has worked as a Managing Building Consultant for Keystone Experts and Engineers.

Cat 5 suggests that Mr. Palmer is not qualified because he obtained his residential construction license after Hurricanes Laura and Delta, and he does not have sufficient official certifications in various tangentially-related construction areas such as industrial hygiene, mold remediation, or water mitigation.

A witness may be qualified as an expert on the basis of his "knowledge, skill, experience, training, or education." Federal Rule of Evidence 702. Though a license or certification may support the credibility of an expert, the lack of a license may not, by itself, bar an individual from providing expert testimony, particularly where the licensing statute at issue regulates "the actual provision of [] services, not expert testimony." *Messer v. Transocean Offshore USA, Inc.*, 2005 WL 283294, at *2 (E.D. La. Feb. 3, 2005).

State Farm argues that Mr. Palmer is qualified to testify as an expert general contractor and notes that Cat 5's allegation that Mr. Palmer did not hold a license in residential construction license until 2021 is false. State Farm submits evidence that Mr.

Page **4** of **6**

Palmer has held his residential construction license since 2018. State Farm also notes that Cat 5 does not hold any construction licenses or mold remediation license, and only obtained a home improvement license as of 2021 after Hurricanes Laura and Delta and after Cat 5 performed mitigation work on the Frisbie property.

As to his testimony concerning his area of expertise, again State Farm asserts that Cat 5 has misrepresented the truth. Cat 5 asserts that during his deposition, Mr. Palmer could not state in what area State Farm had designated him as an expert witness. In actuality, Mr. Palmer testified that he did not know the specific terminology for the type of expert he would be proffered, but further clarified that his expertise was as a general contractor.[11] State Farm argues that Mr. Palmer is qualified due to his knowledge, education, experience, and expertise as a general contractor.

As to reliability, State Farm asserts that Mr. Palmer prepared a 14-page report based on Cat 5's estimate, Cat 5's photographs, Cat 5's drying logs, and State Farm's photographs as well as his own inspection, albeit, 3 years post-hurricane.

The United States Supreme Court has held that an expert witness "is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation." *In the Matter of M&M Wireline & Offshore Servs.*, LLC, 2016 WL 4681196, at * 6 (E.D. La. Sept. 7, 2016) (*citing Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 592, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)). An expert's opinions are not unreliable simply because they are based upon evidence gathered by others rather than his own inspection of

---

[11] Jonathan Palmer deposition, Doc. 91-3, pp. 15-16.

residence. *See e.g. Holly v. U.S. Shipping Corp.*, 2021 WL 6335339, at *2 (E.D. La. Dec. 6, 2021) ("If plaintiff's expert testimony is weak because it was the product of a review of photographs rather than a physical inspection, that can be brought out on cross-examination, and the jury can give it the weight it deserves"). As noted by State Farm, such arguments attack credibility and are fodder for cross-examination; they are not a basis to find the expert's testimony inherently unreliable. *Gonzalez v. Sea Fox Boat Co. Inc.*, 2022 WL 3704211, at *3 (W.D. La. Aug. 26, 2022) (*citing Bryan v. John Bean Div. of FMC Corp.*, 566 F.2d 541, 545 (5th Cir. 1978).)

State Farm argues that the nature of this case is inherently spoliative considering that the disputed invoice arose after the mitigation work was performed; thus, it was impossible to inspect the property prior to that work being completed.

Having considered the memoranda submitted by the parties, the Court finds no basis to exclude Mr. Palmer's report and testimony. Accordingly,

**IT IS ORDERED** that Plaintiff Cat 5 Pro's Motion to Exclude the Reports and Testimony of Jonathan Palmer (doc. 91) is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 17th day of January, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE