UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CYNTHIA FRISBIE** | **CASE NO. 2:21-CV-03658 LEAD** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE LEBLANC** |

CONSOLIDATED WITH

| | |
|---|---|
| **CAT 5 PRO L L C** | **CASE NO. 2:22-CV-02741** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is a "Rule 54(d) Motion to Review Costs" (Doc. 164) filed by Plaintiff, Cat 5 Pro LLC ("Cat 5") in these consolidated cases. Cat 5 moves for a review of the Clerk's Taxation of Costs[1] and an order compelling Defendant, State Farm Fire & Casualty Company ("State Farm") to reimburse Plaintiff for costs.

## BACKGROUND

On November 7, 2023, State Farm served upon Cat 5, an Offer of Judgment in the amount of $20,000.00 pursuant to Rule 68 of the Federal Rules of Civil Procedure. Cat 5 rejected the Offer of Judgment in writing.

---

[1] Doc. 163.

After a jury trial, on January 31, 2024, the Jury returned a Verdict in favor of Cat 5 in the total amount of $20,000.00 and against State Farm.[2] Cat 5 submitted a Proposed Judgment, which contained wording in its favor with costs awarded. Judgment was entered on February 26, 2024. On March 4, 2024, State Farm filed a "Motion for Assessment of Costs"[3] requesting its costs pursuant to Federal Rule of Civil Procedure 68 for a total of $32,447.25. No opposition was filed as to this Motion. On March 11, 2024, Plaintiff filed a "Motion for Assessment of Costs" as the prevailing party in accordance with Local Rule 54.3 and Federal Rule of Civil Procedure 54(d)(1).[4] No opposition was filed as to this Motion.

In the regular course of proceedings, and after briefing, the Clerk issued its "Clerk's Taxation of Costs."[5] The Clerk determined that Cat 5 was to be awarded costs pursuant to Local Rule 54.3, Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920[6] for a total amount of $1,475.88.[7] The Clerk also determined that pursuant to Federal Rule of Civil Procedure 68, State Farm was to be awarded costs totaling $32,447.25 minus the costs awarded to Plaintiff as the prevailing party.[8] Consequently, based on this Court's calculations, State Farm would be awarded costs of $30,971.37 ($32,447.25 - $1,475.88).

---

[2] Doc. 148.
[3] Doc. 160.
[4] Doc. 161.
[5] Doc. 163.
[6] The Clerk found that numerous costs by Cat 5 were disallowed for various reasons due to the costs not being associated with the trial.
[7] Doc. 163.
[8] *Id.* p. 5.

Cat 5, dissatisfied with the Taxation of Costs filed the instant Motion to Review Costs. In its motion, Cat 5 complains that State Farm should not be awarded costs pursuant to Rule 68(d) because it is not the prevailing party.  Rule 68(d) reads as follows:

(d) Paying Costs After an Unaccepted Offer.  If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Plaintiff also submits the actual Offer of Judgment by State Farm:

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, State Farm Fire and Casualty Company offers the sum of $20,000.00 to settle all of Cat 5 Pro LLC ("Plaintiff")'s claims asserted against all defendants named in the suit *Cat 5 Pro, LLC v. State Farm Fire and Casualty Company,* United States District Court No. 2:21-cv-03658 *consolidated with* 2:22-cv-02741, (the "Suit"). This offer of judgment is **inclusive** of every claim for damage, indemnity, attorney's fees, penalties, costs, judicial interest, and every other theory of recovery and species of damage recoverable under law, contract, statute, and equity that Plaintiff has made or could make relative to the causes of action asserted in the referenced litigation.

Cat 5 argues that because State Farm used the term "inclusive," for certain damages, Cat 5's total Judgment award is more favorable, citing *Goos v. National Ass'n of Realtors*, 68 F.3d 1380, 314 (U.S. App. D.C. 329), c*larifying on denial of rehearing,* 74 F.3d 300, 315 (U.S. App. D.C. 397). The *Goos* case involves the award of attorney fees when a plaintiff who has asserted multiple claims and rejects an Offer of Judgment, but only prevails on one claim.  The court's analysis involved how to reduce the plaintiff's fees based on plaintiff prevailing on one claim of two and how to award attorney fees to the plaintiff pursuant to the District of Columbia Human Rights Act ("DCHRA"). The *Goos* case does not provide any guidance for the specific facts herein, and is distinguishable.

Cat 5 also cites *Gorelangton v. City of Reno By and Through City of Reno Council of Councilpersons*, 638 F.Supp. 1426 (D.Nev. 1986) to argue that its $20,000.00 Jury Award, plus its costs as taxed by the Clerk--$1,475.88, is more favorable than State Farm's $20,000.00 Offer of Judgment. As such, Cat 5 maintains that State Farm should not be awarded its Rule 68 costs.

Cat 5 also challenges $26,274.13 of State Farm's costs. Without explanation, Cat 5 suggests that these costs are not warranted under 28 U.S.C. § 1920. However, § 1920 does not apply to calculate costs when an Offer of Judgment is rejected. Federal Rule of Civil Procedure 68 (d) states that:

> Paying Costs After an Unaccepted Offer. If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Therefore, the costs to be awarded in this situation would include all costs from the date the offer was made (November 7, 2023), and not merely the incurred costs at the trial, as is the case with § 1920. See *Fair, et al v. Allen, et al*, 2011 WL 2412965 (W.D. La. June 15, 2011) (not published). Based on the detailed statement of costs, all of State Farm's costs were incurred after the November 7, 2023.

State Farm notes first that the case Cat 5 relies upon is a district court case from Nevada and not a Fifth Circuit case. Neither of the parties have provided a Fifth Circuit case that is directly on point. However, in *Keiland Construction, L.L.C. v. Weeks Marine, Inc.*, 101 WL 3533869, __ F.4th __ (July 25, 2024), the Fifth Circuit has recently affirmed this Court's denial of a motion for attorneys' fees and costs accrued after its Rule 68(d)

offer of judgment because the total award of $118,936.59 included prejudgment interest and exceeded the $100,000.00 offer of judgment.

Here, the Court finds that the Plaintiff's costs of $1,475.88 plus the $20,000.00 jury verdict makes Plaintiff's Judgment more favorable than the $20,000.00 Offer of Judgment. Thus, State Farm's Motion for Costs will be denied.

As to Plaintiff's Bill of Trial Costs, the Court agrees with and affirms the Clerk's assessment of Plaintiff's costs for a total amount of $1,475.88 and disagrees with Plaintiff's request for $10,039.39 for the reasons states in the Clerk's Taxation of Costs.[9]

## **CONCLUSION**

For the reasons explained herein, Plaintiff, Cat 5's Motion to Review Costs (Doc. 164) will be granted in part and denied in part.  The Motion will be granted to the extent that the Court will deny State Farm's Rule 68(d) Bill of Costs; deny Plaintiff Cat 5's Motion to the extent that it is seeking $10,039.39 for costs,[10] and affirm the Clerk's taxation of costs to Cat 5 as the prevailing party for an award of $1,475.88 against State Farm.

**THUS DONE AND SIGNED** in Chambers on this 5th day of August, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[9] Doc. 163.
[10] Doc. 160.